Judge Robertson
deiivered (he opinion of the Court.
The justices of the county court of Christian, having employed Strother Smith to build a across “Little river,” he, with John Clark, as Ms security, executed a bond to them, and their successors, in the penalty of $2,000., with a condition. *473 binding him to construct the bridge in a prescribed form, and of specified materials and dimensions, and to complete it in four months, &c.
This suit was instituted by the justices, in their own names, against Smith and Clark, to recover damages for an alleged failure to erect the bridge»
A demurrer to the declaration, was sustained, and the plaintiffs failing to prosecute their suit further, it was dismissed.
The declaration seems to be in apt form. The principal objections which arfe made to it here, are, that no suit is maintainable on it, because it was not made payable to the commonwealth $ and if a suit can be maintained on it, it ought to have been in the name of the commonwealth.
By an act of 1797,(II. Dig. 1094, Section 7,) county courts are “empowered and required,” in certain cases, to contract for the building of bridges, and are directed to take bonds from the Undertakers, for the performance of their contracts, payable to the governor, for the benefit of the counties.
Byan act of 1810, (II. Ib. 975-6, Section 1,) it is declared that, “all bonds of a kind, heretofore made payable to the governor, shall, hereafter, be made payable to the commonwealth of Kentucky, and suits thereon shall be in the name of the Commonwealth,” &c.
The 9th. section of this latter act, contains this proviso: “Provided* however, that nothing in this act contained, shall be so construed, as to make void any bond, taken in such form and way, as would be valid in law, if this act had not been passed, nor to change the style of the action on any such bond.”
It results from the foregoing extracts, that this, as a statutory bond, ought to have been made payable to the commonwealth; and the proviso does not apply to it, unless, before the act of 1810, such albond, payable to the justices, instead of the governor, as directed by the act of 1797, would have Been valid, as a common law obligation. If this bond had been payable to the governor, conformably to the act of *474 1797, we should not doubt that, by the operation of the proviso in the act of 1-810, it would still be a good statutory bond, and might be enforced by suit, in the name of the obligee, (the governor.) “The style of the action” mentioned in the proviso, means the names of the parties litigant, the ú-c.lor and reus. This ■is the technical import of the phrase. And it was certainly, the intention of the legislature, rn adopting the proviso, to make no change in the parties, but leave them as they stood before the act of 1810.
And consequently, it would be proper for the obli-gee in the bond, to be the plaintiff, notwithstanding the 1st. section of the act. The act is directory; and that no doubt should remain that it was intended to be so, the proviso was subjoined. Bonds, which would have been valid, if the act of 1810 had never passed, may still be so, and being so, should be enforced in that style, of suit, which, according to the principles of the common law, shall be most conformable to the legal rights and obligations of the parties to the contract; consequently, if this bond had been payable to the governor, it would have been a good statutory bond; and suit should have been brought on it, in his name.
The only question, therefore, for consideration is, whether a bond for constructing a bridge, made payable to the justices of the county, instead of the governor, or the commonwealth, is illegal and void?
To this, we may respond, in the language of this court, in the case of Fant and Catlet vs. Wilson, III. Monroe, 343. “Thete is no statutory p-ovision, making such a bond void, and we are aware of no principle of the common law, which renders it so.”
There is nothing in- the act of 1797, which can render this bond void.’ That act is simply directory, it does not forbid or declare void', a bond to the justices of the county court.
Nor is there any principle of the common law, %vhich can be violated by such a bond, or which can render it inoperative. It is not immoral or illegal. The parties were competent to contract. The subject matter, is such as they had a right to contract *475 about. Such a contract, when freely made, and on a sufficient consideration,- is valid and binding. The bond is a good common law obligation.
Triplett, for plaintiffs; Denny, for defendants.
In very many cases, analogous to this in principle, it has been decided that bonds which had not been executed conformably to statutory direction, and which therefore, were not statutory bonds, were nevertheless valid common law obligations. The doctrine is so well understood, that it is unnecessary to cite adjudged cases in support of it.
We can see no reason why this bond should nob come within the operation of the principle which has been so repeatedly recognized, and established by this court. This principle is clearly defined by the quotation from the case of Fant and Catlet vs. Wilson.
Wherefore, it is our opinion, that the bond to the justices,.is valid, and may be enforced by suit in their names as plaintiffs; and consequently, the declaration being in other respects good, the court erred- in sustaining the demurrer to it.
Wherefore, the judgment is reversed, and the cause remanded, with instructions to overrule the demurred.