JOHN W. McKIM, Judge of Probate, *vs.* REUBEN E. DEMMON.

Suffolk. March 4, 1879. — Feb. 23, 1881. MORTON, ENDICOTT & FIELD, JJ., absent.

If a surety on a bond is discharged from all further responsibility thereon by a decree of the Probate Court, after due notice to all parties interested, as required by the St. of 1843, *c.* 56, § 1, the validity of the decree is not affected by the fact that his co-surety had no actual knowledge of it.

If, without the assent or knowledge of a surety on a bond, his co-surety is discharged from all further responsibility thereon by a decree of the Probate Court, under the St. of 1843, *c.* 56, § 1, and a new bond is given by the principal and approved by the Probate Court, the first-named surety is also discharged from liability for further acts of the principal, although the new bond recites that it is in addition to the first bond.

CONTRACT on a joint and several probate bond, dated June 10, 1850, executed by Ozias Morse as principal, by William Lowry as surety in the sum of $5000, by Robert W. Lord as surety in the sum of $2000, and by the defendant as surety in the sum of $3000, and conditioned for the faithful performance by the principal of the duties of trustee under the will of Hannah Morse. The case was submitted to this court on the following agreed facts:

On February 24, 1851, Lowry was discharged from all further responsibility as a surety on the bond, by a decree of the Probate Court, made pursuant to the provisions of the statute; and a new bond was given by Morse as principal and Henry Allen as surety, and approved by the judge of probate, which contained a recital that it was in addition to the one previously given, Lowry having been discharged. The discharge of Lowry, and the giving the new bond, were done without the knowledge of the defendant, and he never assented thereto. Morse resigned his trust on June 19, 1876, and A. L. Burditt was appointed trustee in his place. There was no breach of the condition of the bond prior to February 24, 1851. Morse has failed to settle his accounts as trustee, and to pay and deliver over the trust estate and effects to his successors; and this action is brought for the benefit of Burditt.

If, upon these facts, the plaintiff was entitled to recover, judgment was to be entered for the plaintiff; otherwise, judgment for the defendant.

*H. J. Boardman & C. Blodgett,* for the plaintiff. 1. If the Probate Court had authority under the St. of 1843, *c.* 56, to take the new bond in the form in which it was taken, the defendant is liable, for the new bond was merely in addition to the old. If the court had no authority to take the bond in this form, the new bond is of no effect, and the old one remains in full force. *Peters* v. *Peters,* 8 Cush. 529, 543. *Jenks* v. *Howland,* 3 Gray, 536.

2. The doctrine that the discharge of one surety on a joint and several bond discharges all, does not apply when the discharge is under the provisions of a statute. *Frederick* v. *Moore,* 13 B. Mon. 470.

3. It is not a general rule of law that the discharge of one of several sureties operates as the discharge of all. If several sureties are liable for the same debt, and the creditor releases one of them from liability, but does not thereby materially alter the contract, he releases the remaining sureties to the extent only that such released surety would otherwise have been liable to contribute to his co-sureties. *Schock* v. *Miller,* 10 Penn. St. 401. *Klingensmith* v. *Klingensmith,* 31 Penn. St. 460. *Jemison* v. *Governor of Alabama,* 47 Ala. 390. *State* v. *Matson,* 44 Misso. 305.

*A. S. Wheeler,* for the defendant.

GRAY, C. J. It being agreed in the case stated that Lowry, one of the sureties upon the bond sued on, was discharged from all further responsibility thereon by a decree of the Probate Court made pursuant to the provisions of the statute, it must be assumed that the decree was made after due notice to all persons interested, as required by the St. of 1843, *c.* 56, § 1; and, if such notice was given, the validity of the decree is not affected by the defendant's having had no actual knowledge of it.

But the legal effect of that decree was to discharge Lowry's co-sureties as well as himself. This is evident from the concluding provision of § 1, which does not speak of an additional bond or additional sureties, but requires the principal to "give a new bond, with such surety or sureties as the court shall judge sufficient," as well as from the provision of § 3, that, "when a new bond shall be required, as above provided, the

sureties" (not merely the surety who has been discharged) "in the prior bond shall nevertheless be liable for all breaches of the condition committed before the new bond shall be approved by the judge of probate," — clearly implying that none of the sureties upon the first bond shall be responsible for any breach of trust committed after the second bond has been given and approved. *Loring* v. *Bacon*, 3 Cush. 465, 468.

This construction of the statute accords with the general rule of law, by which the release by the creditor of one surety, without the knowledge or assent of the other, and without reserving any rights against him, discharges him also, because it alters the extent of his liability, by depriving him of his right, in case he is obliged to pay, of recovering contribution from his co-surety. *Evans* v. *Bremridge*, 2 K. & J. 174. *Sohier* v. *Loring*, 6 Cush. 537. *Howe* v. *Peabody*, 2 Gray, 556. *Greenfield Savings Bank* v. *Stowell*, 123 Mass. 196. *Smith* v. *United States*, 2 Wall. 219.

If the Probate Court had authority under any circumstances to make the second bond additional to, instead of a substitute for, the first bond, so far as future breaches of trust were concerned, yet no order of the court nor recital in the second bond to that effect, made without the assent or knowledge of the defendant, could revive or continue his liability as a surety on the first bond, from which he had been released by the discharge of his co-surety.

*Judgment for the defendant.*