GEORGE M. BROOKS, Judge of Probate, *vs.* CHARLES S. WHITMORE & others.

Middlesex.     March 5. — May 13, 1885.     W. ALLEN, COLBURN, & HOLMES, JJ., absent.

In 1874, a trustee under a will gave a probate bond, with sureties. One surety died, and the other surety petitioned the Probate Court to be discharged, and due notice of the petition was given. The surety was discharged in 1877, the decree of discharge reciting that the trustee had filed "a new and sufficient bond," which had been examined and approved. In fact, the second bond was approved on the same day that the discharge was granted, but before the granting of the discharge; and the second bond was approved as "an additional bond." *Held*, that the second bond was to be treated as a "new bond," under the Gen. Sts. c. 101, §§ 15, 16; and that the sureties upon it were not discharged by the discharge of the surety upon the first bond.

CONTRACT, against Charles S. Whitmore, George B. Brown, and John Johnson, executor of the will of Othello O. Johnson, on a probate bond, dated May 22, 1877, and executed by Whitmore as principal, and by Brown and Othello O. Johnson as sureties, in the sum of $40,000, and conditioned for the faithful performance by the principal of the duties of trustee under the will of Dexter Stone. The case was submitted to the judgment of this court on agreed facts, in substance as follows :

Charles S. Whitmore was, on October 27, 1874, duly appointed trustee under the will of Dexter Stone, late of Philadelphia, Pennsylvania, which will was duly proved and allowed, on June 23, 1874, by the Probate Court for the county of Middlesex. On October 27, 1874, Whitmore as principal, and Joseph A. White

and George Phipps as sureties, gave a probate bond in the sum of $30,000, in the usual form, which bond was duly approved.

Upon White's petition to be discharged as such surety, served by publication in the Framingham Gazette, and with the consent of Whitmore, White was so discharged by the judge of probate, on May 22, 1877. The decree of discharge contained this recital: "It appearing that said Whitmore has filed as such trustee a new and sufficient bond, which said bond has been examined and approved by the court." On the same day, and before White's discharge, the bond in suit was filed, and approved by the judge of probate in the following words: "Examined and approved as an additional bond." The parties to the bond then knew that Phipps was dead.

It is agreed, if the evidence is admissible, that Brown and Whitmore would testify that, before the execution and delivery of the bond in suit, Whitmore told Brown and Othello O. Johnson that White wished to be discharged as surety on his bond, and asked Brown and Johnson if they would sign a bond to take White's place; and that they consented so to do, and thereupon executed the latter bond. There is no paper on file in the case in the Probate Court representing that the sureties on the bond of 1874 were insufficient.

Whitmore resigned his trust on January 9, 1883, and on the same day his resignation was accepted by the judge of probate. On September 4, 1883, Charles Hall Adams was duly appointed to succeed Whitmore in said trust, and gave bond, which was duly approved. On January 13, 1883, Whitmore filed his final account as trustee; and, after a hearing thereon, a decree was duly entered, November 13, 1883, charging him with a balance due the estate of $19,388.73, a part of which sum is still unpaid to the party entitled to the same.

On these facts, such judgment was to be entered as the court might determine.

*S. W. Trowbridge*, for the plaintiff.

*G. V. Leverett*, (*H. K. Brown* with him,) foɪ Whitmore and Brown.

*G. C. Travis*, for the other defendant.

DEVENS, J. In our view the bond in suit was a new bond, under the Gen. Sts. *c.* 101, § 16, which provides that "any surety

in a bond given to the judge of a probate court may, upon his petition to the Supreme Judicial Court or the Probate Court, be discharged from all further responsibility, if the court, after due notice to all persons interested, deems it reasonable and proper; and the principal shall thereupon give a new bond, with such surety or sureties as the court shall order."

Joseph A. White had petitioned to be discharged, and due notice of such petition had been given; but, at the moment when the approval of the bond was written upon the second bond by the judge, the discharge had not been granted. He was immediately discharged from all further liability by a decree rendered upon the approval of the second bond. It does not appear that there was any interval of time between the two acts done by the judge of probate, one instantly succeeding the other, so far as is shown by the facts agreed.

The defendants contend that the second bond cannot be construed as a "new bond" within the meaning of the statute, as, at the time when it was actually approved, the sureties in the prior bond had not been discharged. It would have been according to the regular form contemplated by the statute for the judge of probate to enter a decree discharging the surety upon the filing and approving of a new bond, and thereafter to approve the new bond. But when two acts forming parts of but a single transaction are done as nearly contemporaneously as the sequence of incidents will allow, it is not unjust that they should be held to have been done in the order in which the parties intended they should occur. *Haven* v. *Foster*, 14 Pick. 534, 548. *Pomeroy* v. *Latting*, 15 Gray, 435. That the object of the transaction was to discharge White as surety, is apparent without reference to the extrinsic evidence on the subject.

The bond was in terms approved as an "additional" bond by the judge of probate. What is now termed an "additional" bond was not known as such, *eo nomine*, until long after this bond was given. St. 1880, c. 152. The judge of probate had at the time authority by statute to take new bonds only when the sureties in the original bond were found to be insufficient, or when a surety had been discharged from further responsibility upon petition to the Probate Court. Gen. Sts. c. 101, §§ 15, 16. It was under the latter authority that the judge intended to act;

and, although he uses the word "additional" in his indorsement on the bond itself, in his decree discharging White he terms it "a new and sufficient bond," and, as such, the sureties are liable upon it.

While the statute did not provide for bonds giving additional security, they were known to our practice, and had been held valid, at common law, as contracts voluntarily entered into, upon sufficient consideration, for purposes not contrary to law, and therefore obligatory on the parties, in like manner as any other contract or agreement is held valid at common law. *Loring* v. *Bacon*, 3 Cush. 465. *Brighton Bank* v. *Smith*, 5 Allen, 413, 415. *Sweetser* v. *Hay*, 2 Gray, 49.

The defendants further contend, that the bond in suit was not provided for by any statute, and that, if treated as valid at common law, the sureties became co-sureties with those upon the prior bond; that the discharge of White, a surety upon the prior bond, discharged not only him and the estate of his co-surety on the prior bond, but also the defendants, the sureties on the second bond, as they were thus deprived of their right of contribution from the sureties on the prior bond. *McKim* v. *Demmon*, 130 Mass. 404. This argument assumes that White was discharged without the assent of the sureties on the second bond. But if we accept the contention of the plaintiff, that this bond was only a common law bond, the object of the whole transaction is shown to have been the discharge of White; and of this the sureties on the second bond have no right to complain, whatever its effect may have been on the liabilities of others.

*Judgment for the plaintiff.*