### Chicago City Railway Co. v. Joseph E. McMeen.

1. EVIDENCE—*In Rebuttal Must Deny or Explain Evidence in Chief.*—The testimony of a physician, called on behalf of the defendant, who states that at the solicitation of defendant he made an examination to ascertain the injuries sustained by a plaintiff suing for personal injuries, is not denied or explained by and does not lay a foundation for the introduction by the plaintiff of evidence of a conversation between the plaintiff, his attorney and an attorney for the defendant, in which an arrangement was made that the plaintiff would submit to the examination.

2. SAME—*Testimony in Rebuttal.*—After the plaintiff has rested his case, and evidence for the defendant has been received, the plaintiff can not regularly put in evidence, except to deny or explain evidence produced by the defendant.

3. ATTORNEYS—*Admissions of, Do Not Bind Client.*—What an attorney says is not evidence against his client, unless it be in the nature of a stipulation as to the conduct of the cause, and then it is not his narrative of events, or his opinion as to anybody's rights or disabilities, that binds his client, but it is his agreement as to the conduct of the cause.

Trespass on the Case, for personal injuries. Appeal from the Circuit Court of Cook County; the Hon. THOMAS C. WINDES, Judge, presiding. Heard in this court at the March term, 1897. Reversed and remanded. Opinion filed May 24, 1897.

Wm. J. Hynes and Laurence A. Young, attorneys for appellant.

Graham H. Harris, attorney for appellee.

Mr. Justice Gary delivered the opinion of the Court.

The appellee sued the appellant for injuries received while—as he alleged—he was a passenger on a car of appellant.

The appellant called as a witness Dr. Babcock, who stated that he, at the solicitation of the appellant, made an examination of the person of the appellee, as to the injuries he had sustained, and made a written report thereof to the claim agent of the appellant, and was paid therefor by the appellant.

On this foundation the court admitted in evidence, over the objections and exceptions of the appellant, a conversation between the appellee, his attorney, and an attorney of the appellant, in which an arrangement was made that the appellee would submit to that examination. The testimony of Dr. Babcock was no foundation on which to admit that conversation; nothing said by him was denied or explained, or sought to be, by putting that conversation in evidence. At that stage of the case the appellee could regularly put in further evidence only to deny or explain evidence which the appellant put in after the appellee rested his case. 2 Ph. Ev., Cowen and Hill, 878, side paging.

If Dr. Babcock had never testified, the conversation, if admissible at all, would have been just as admissible as it was after his testimony, which the conversation neither denied nor explained.

A part of that conversation, as narrated by the appellee, was, as quoted in appellee's brief: "Judge Grinnell said that they considered that they were liable for it and would settle it."

This was error, not on the ground that the conversation was in the nature of an offer to compromise, but on the ground that what an attorney says is not evidence against

his client, unless it be in the nature of a stipulation as to the conduct of the cause. 1 Green. Ev., Sec. 186.

Then it is not his narrative of events, or his opinion as to anybody's rights or liabilities that binds his client, but it is his agreement as to the conduct of the cause that binds.

There are many other questions in the case which will not be considered, as this error is fatal to the present judgment.

The judgment is reversed and the cause remanded.