DENNIE L. FARR *vs.* SAMUEL ROUILLARD.

Hampden.    December 14, 1898. — January 4, 1899.

Present: FIELD, C. J., HOLMES, MORTON, LATHROP, & BARKER, JJ.

*Bond of Constable good at Common Law — Breach — Action — Answer signed by Attorney in former Action not admissible in Evidence.*

A bond given by a constable in a city other than Boston to the treasurer thereof is, if it was voluntarily executed and contains nothing in the condition contrary to law, a valid bond at common law.

Where it is plain that the obligor in a common law bond given by a constable in a city other than Boston to the treasurer thereof intended to comply with the statute, and therefore, by implication, it was taken in trust for the benefit of the same persons who could take advantage of a bond in the statutory form, the damages will be measured by the interest of the *cestui que trust,* not by that of the obligee.

The answer, signed by attorney in an action against a constable for the conversion of goods, is not admissible in evidence in a subsequent action, brought for the benefit of the same plaintiff against a surety upon the constable's bond, to enforce payment of the judgment recovered in the former action.

CONTRACT, in the name of the treasurer of the city of Holyoke, for the benefit of Mary Brady, upon a constable's bond given by Fred S. Williams as principal, and by the defendant and two others as sureties, to enforce payment of a judgment

recovered by Brady in an action against Williams for the conversion of certain goods.

Trial in the Superior Court, without a jury, before *Maynard,* J., who found for the plaintiff; and the defendant alleged exceptions, which appear in the opinion.

*A. L. Green & F. F. Bennett,* for the defendant.

*R. O. Dwight,* for the plaintiff.

LATHROP, J.   The principal question in this case is whether the action can be maintained upon the bond, as the obligee mentioned therein is " the treasurer of the city of Holyoke," instead of the city of Holyoke.   The bond in question was accepted by the board of aldermen of Holyoke, and the form was approved by the city solicitor.   By the Pub. Sts. c. 27, § 113, provision is made for a constable giving a bond " to the inhabitants of the town," and the section ends with the words, " and no constable shall serve any process in a civil action until he gives such bond."   By c. 28, § 2, chapter 27 and all other laws relating to towns shall apply to cities so far as they are not inconsistent with the general or special provisions relating thereto. By § 9 of this chapter it is provided, " Constables' bonds in the city of Boston shall run to the city treasurer."   The fair inference from these provisions is that a bond given by a constable in a city other than Boston should run to the city, and not to the treasurer.

The defendant contends that, as the bond ran to the treasurer and not to the city, it is void, and relies upon the case of *Whitney* v. *Blanchard,* 2 Gray, 208.   This was an action of tort against a constable of a town for neglecting to serve and return a writ sued out by the plaintiff and committed to the defendant for service.   The constable had given no bond, and this was held to be a good defence, on the ground that he could not be held liable in damages for omitting to do that which he could not legally do.   This case has no bearing on the one before us.

A case more nearly resembling the present is *Sweetser* v. *Hay,* 2 Gray, 49, where a bond was given by a town treasurer and collector to the selectmen of a town instead of to the town, as required by statute; and it was held that this was a valid bond at common law, and that the selectmen might maintain an action upon it for the benefit of the town.   See also *Woodward*

v. *Pickett,* 8 Gray, 617 ; *Grocers' Bank* v. *Kingman,* 16 Gray, 473 ; *Miner* v. *Coburn,* 4 Allen, 136 ; *Brighton Bank* v. *Smith,* 5 Allen, 413 ; *Holbrook* v. *Klenert,* 113 Mass. 268 ; *Mosher* v. *Murphy,* 121 Mass. 276 ; *Brooks* v. *Whitmore,* 139 Mass. 356.

The bond in suit was voluntarily executed, there is nothing in the condition thereof contrary to law, and it is a valid bond at common law.

Treating the bond as a common law bond, it is contended by the defendant that only nominal damages can be recovered ; but it is plain that the obligor intended to comply with the statute, and therefore, by implication, it was taken in trust for the benefit of the same persons who could take advantage of a bond in the statutory form. The damages, therefore, will be measured by the interest of the *cestui que trust,* not by that of the obligee. *Sweetser* v. *Hay,* 2 Gray, 49. See also *Drummond* v. *Crane,* 159 Mass. 577, 580 ; *Lloyd's* v. *Harper,* 16 Ch. D. 290.

The plaintiff was allowed to put in evidence, against the defendant's exception, the record in the action of Mary Brady against Fred S. Williams. This appears by the declaration to have been an action of tort for the conversion of certain personal property. The answer is a general denial, and contains the following : " And the defendant further answering says that he is a constable of the city of Holyoke ; that as to the property alleged to be converted, as much thereof as he may have taken into his possession he took as a constable of the city of Holyoke, and by virtue of a certain writ in which the plaintiff in this action was the defendant." This answer is signed by an attorney. The record further showed that the plaintiff recovered judgment.

The difficulty with the plaintiff's case in this respect is, that, unless the statement in the answer is admissible in evidence against the defendant, there is nothing to show that his tortious act was in the performance of his duty as constable, and therefore a breach of his bond. If this answer had been signed by him it would, without doubt, have been admissible, but it was signed merely by his attorney, and there was nothing to indicate how far the attorney was instructed by the defendant in this particular. This precise point was decided in *Dennie* v. *Williams,* 135 Mass. 28.

The plaintiff seems to have relied entirely upon this statement in the answer, for we find no other evidence to show that the tortious act of Williams was done *colore officii.* As the statement in the answer was not admissible for this purpose, the entry must be, *Exceptions sustained.*