CREAL et al. v. GALLUP et al.

(Circuit Court of Appeals, Fifth Circuit.   March 21, 1916.   On Petition for
Rehearing, April 18, 1916.)

No. 2813.

1. EVIDENCE ⟺208(4)—ADMISSIONS—PLEADING IN FORMER SUIT—SIGNATURE.
     In trespass to try title, defendant's answer in a prior equity suit which
     was unsigned and unverified by either defendant or his attorney, was in-
     admissible on objection calling the court's attention to such facts.
     [Ed. Note.—For other cases, see Evidence, Cent. Dig. § 716;  Dec. Dig.
     ⟺208(4).]

2. TRIAL ⟺84(4)—OBJECTION TO EVIDENCE—SUFFICIENCY.
     In trespass to try title, the objection to defendant's answer in a prior
     equity suit, when offered evidence, that it was improper and incompetent
     as impeaching evidence or for any other purpose was sufficient to call the
     court's attention to the fact that the answer was unsigned and unsworn
     to by defendant or his counsel.
     [Ed. Note.—For other cases, see Trial, Cent. Dig. § 217;  Dec. Dig.
     ⟺84(4).]

3. TRIAL ⟺139(1)—WEIGHT OF EVIDENCE—QUESTION FOR JURY.
     In trespass to try title, defendant's answer in a prior equity suit, ad-
     mitted in evidence against him, could not support a peremptory charge
     for the plaintiffs, since the weight of evidence is for the jury.
     [Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 332, 333, 338–341;
     Dec. Dig. ⟺139(1).]

     Pardee, Circuit Judge, dissenting.

On Petition for Rehearing.

4. TRIAL ⟺143—CONFLICTING EVIDENCE—QUESTION FOR JURY.
     An issue as to which the evidence is conflicting is for the jury.
     [Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 342, 343;  Dec. Dig.
     ⟺143.]

5. ESTOPPEL ⟺119—DEFENSE—PRIOR INCONSISTENT CLAIM—QUESTION FOR
     JURY.
     In trespass to try title, whether defendant had previously made a claim
     inconsistent with his defense held for the jury under proper instructions.
     [Ed. Note.—For other cases, see Estoppel, Cent. Dig. § 309;  Dec. Dig.
     ⟺119.]

In Error to the District Court of the United States for the Eastern
District of Texas;  Gordon Russell, Judge.

Trespass to try title by D. L. Gallup and others against Griffin
Creal and others.   To review a judgment for plaintiffs, defendants
bring error.   Reversed, with directions to grant new trial.

Oliver J. Todd, of Beaumont, Tex., for plaintiffs in error.
Ballinger Mills, of Galveston, Tex., for defendants in error.

Before PARDEE and WALKER, Circuit Judges, and NEW-
MAN, District Judge.

NEWMAN, District Judge.   This case was "trespass to try title"
under the laws of Texas and the contest was over 160 acres of land
in Tyler county, in the Eastern judicial district of Texas.

The plaintiffs brought suit against the defendants for 640 acres of land, and the defendants disclaimed all the survey of land described in plaintiffs' petition except 160 acres, which was claimed by the defendant Monroe Reese, and held by his tenant, Griffin Creal, under the 10-year statute of limitation of the state of Texas. The plaintiffs' reply to this claim of defendants of 160 acres under the 10-year statute of limitation was that the defendant Reese had claimed to have acquired title by possession and the 10-year statute of limitation to 160 other acres of land adjoining the land in question. The 160 acres of land now in dispute is part of section 21, while the land as to which plaintiffs set up that defendants had made an additional and prior claim was in section 6.

To show that the defendant in error Monroe Reese had made a claim to 160 acres of land in section 6, the plaintiffs offered in evidence an answer alleged to have been made by the defendant Reese in an intervention by the Houston Oil Company, against Monroe Reese, in the case of Maryland Trust Company v. Kirby Lumber Co. et al. (no opinion). In this alleged answer of Monroe Reese he asserted a claim, under the statute of limitation of 10 years, to 160 acres of land in section 6, but the same was not signed by him or by his attorney, nor was the affidavit appended to the answer signed by him or by his counsel, or sworn to by him, though the blanks for such signatures and attestation appear in the instrument.

Counsel for the plaintiffs, in offering in evidence in this case the answer of the defendant in the former case, made this statement:

"The purpose of the evidence is to show that the defendant in this case has been claiming 160 acres of land off of section No. 6, which adjoins the land sued for in this case, and the improvement on which he is suing to base his claim of limitation in this case was partly on section 6 and partly on section 21, involved in this case, and it is our contention under the authorities that he, having asserted claim to the land out of section 6, is precluded from asserting a claim to land out of section 21."

The court, having considered this evidence and the objections thereto, then and there overruled such objections, and received the instrument in evidence over the objection of the defendants, to which action of the court the defendants then and there excepted, and tendered their bill of exceptions thereto, which was made a part of the record.

Counsel for plaintiffs in error in their brief referring to this answer of Reese in the equity case say:

"It does appear, however, that it was duly filed as his answer to the intervention filed against him, that he based his defense thereon, and that it was considered by the master and the court in passing upon such defense to the intervention. It will also be noted that no objection was raised by the plaintiffs in error to the admission of the answer on the ground that it was unsigned or unsworn to; and, having been admitted without such an objection being raised to it, it is in the case for all purposes as fully as if it had been signed and sworn to."

In addition to the fact that the record states, as above, that this pleading was objected to and the objection overruled, it appears that it was specifically objected to on the ground that it was improper and incompetent as impeaching evidence or for any other purpose.

There was other evidence in the case, part of which was the testimony of Monroe Reese, the defendant, and much of Reese's testimony was contradictory of the statements made in the paper which purports to be his answer in the other case. Part of Reese's testimony, as stated in the record, is as follows:

"That with reference to the land sued for on section 6, he never did claim anything on section 6 until he bought the title; that he thinks he bought it about 1894; that he never claimed any limitation of section 6 through his own possession; that he claimed under the ones he bought from; that he did not claim in said suit that he had been on section 6 after he bought it long enough to mature a title; that he does not know how long the parties he bought from had been in possession; that they were there when he moved to the country. "On cross-examination the witness testifies that he did not claim title to section 6 under his own possession; that there might have been a judgment rendered against him in 1898; that he thinks he bought the land on section 6 in 1894; that he bought it whenever the deed shows; that he don't know where the deed is; that he is not sure whether it was in 1894 or not, and don't think it was; that he bought the place before the judgment was rendered against him on section 6; that Texas & Louisiana Lumber Company got a judgment against him, but he don't remember when it was; that he never bought the land on section 6 until he got that title; that he thinks it was bought in 1900; that the people he bought the claim of this land from were not defendants to the suit in 1908, that he knows of; that when he was sued in 1908, they got judgment against him, but he had never bought it at that time; that he claimed in the Houston Oil Company suit, in which judgment was rendered against him in 1909, under the possession of his vendors, that he could not tell how long his vendors had been living there, but that they were living there when he came there, and that he moved there in 1892; that in the Houston Oil Company suit in 1909 he set up that he had bought the title from his vendors; that he claimed the title through the possession of his vendors; that he claimed it through their possession; that he set up in his answer that he claimed under their possession; that is, under the possession of the parties he bought it from."

The court directed a verdict in favor of the plaintiffs, and such verdict was returned and judgment entered thereon against the defendants and in favor of the plaintiffs for the 160 acres of land in section 21. In the court's instructions to the jury, after discussing the law somewhat with reference to the 10-year statute of limitation in Texas, he proceeded in this way:

"It is in evidence in this case that on the 11th day of January, 1909, in a suit pending in the United States Circuit Court for the Southern District of Texas, at Houston, the defendant being a defendant in the litigation to which I refer, appeared before that court by counsel and filed an answer, in which he alleged, among other things, the following facts:

" 'The defendants show to the court: That they have never asserted any claim or title in any manner, nor have they trespassed upon any other lands described in said pleadings except the land alleged, set out, and fully described, which land is described as follows: Part of the E. F. Jones survey in Tyler county, Tex., being 150 acres of said Jones survey surveyed for Eliza Oglesby, and about 16 miles south, 30 degrees west, from Woodville; beginning at the S. W. corner of said Jones survey, a stake, a pine bears 38 degrees E. 3 varas; thence W. 950 varas to Jones S. W. corner, a stake, pine bears 38 degrees E. 3 varas; thence N. 950 varas to Jones N. W. corner, a pine bears 35 degrees west 8 varas; thence E. 950 varas, Jones N. E. corner, a stake; thence S. 950 varas to the place of beginning. That the defendants and those under whom they claim have resided on said land continuously for more than 30 years, asserting an open, exclusive, and adverse possession thereof, occupying, using, and enjoying the same and claiming the same adversely to all others, and they here now plead under the statute of 10 years' limitation, and pray

judgment for said land, and for costs, and that this complaint be dismissed and for general relief.' "

"In other words, gentlemen, that answer shows that the defendant in this case, at the time the answer was filed, asserted that he had adverse and peaceable possession of 160 acres on what is here called 'section No. 6,' so that the real question, as the court views it, is as to whether, under the terms of the law, he can hold peaceable and adverse possession so as to mature his title under the 10-year statute of limitation, and at the same time be asserting a peaceable and adverse possession of 160 acres on section No. 21. I believe the solution of the proposition is found in section 5676 of the Revised Statutes of the state of Texas, in which the language I have already quoted occurs, and in this connection I will read it again: 'The peaceable and adverse possession contemplated in the preceding article, as against the person having right of action, shall be construed to embrace not more than one hundred and sixty acres, including the improvements on the number of acres actually inclosed should the same exceed one hundred and sixty acres.'

"Now, the preceding article is the article which permits a citizen of this state to establish his claim against the owner of the record title to 160 acres of land by mere occupancy of it in such manner as to make his occupancy peaceable and adverse possession for the full period of 10 years, so that the facts in this case would show that at the time this answer was filed the defendant was asserting his peaceable and adverse possession under the 10-year statute of limitation to 160 acres of land on section No. 6, and, if so in the view which the court has of the law, he could not, at the same time, hold peaceable and adverse possession of section No. 21, because the law itself provides in its terms that the peaceable and adverse possession which can and will mature a title under the 10-year statute of limitations cannot embrace more than 160 acres; and, having asserted the peaceable and adverse possession to 160 acres on section No. 6, he would be forbidden by the terms of the statute from asserting peaceable and adverse possession to 160 acres on section No. 21. The court, having this view of the matter, feels constrained, under the facts in the case, to instruct a verdict in favor of the plaintiffs."

It is perfectly evident from this that the peremptory instruction of the court in favor of the plaintiffs was based on this purported answer of Reese in the matter of the intervention of the Houston Oil Company, in the case of Maryland Trust Company v. Kirby Lumber Company.

[1-3] We think this peremptory instruction of the court was erroneous for two reasons: First, we think that so far as it was based upon the statements made in what purported to be Reese's answer in the equity case, it was based upon a paper which was inadmissible in evidence if objected to, and that the record shows such a character of objection to the paper as must have called the court's attention to the fact that it was unsigned and unsworn to by Reese or by his counsel; and, second, even assuming that it was admissible in evidence, it could only go to the jury to have such weight as they saw proper to give it, in view of its character and all the other evidence in the case. As shown above, Reese was claiming all along that the rights he had to the land in section 6 were obtained by purchase, from persons who had themselves perfected a title by 10 years' possession under the Texas law. He swore that he never undertook to establish any right to those lands in section 6 by virtue of his own possession, but his rights were those obtained by others prior to his purchase of the land. We think that in any view of this case, the defendant was entitled to have it submitted to the jury under proper instruc-

tions, and that the case made, when same was submitted to the jury, was not such as to justify peremptory instructions for the plaintiffs.

The case must be reversed, with direction to grant a new trial.

PARDEE, Circuit Judge (dissenting). In my opinion this case was properly ruled and decided in the trial court, and I concur with the trial judge in his ruling and disposition of the same. His conclusions are fully supported by the Supreme Court of Texas in Snow v. Starr, 75 Tex. 411–420, 12 S. W. 673, and by the Civil Court of Appeals in Titel v. Garland, 85 S. W. 466.

The proceedings of the United States Circuit Court for the Southern District of Texas in Maryland Trust Company v. Kirby Lumber Company et al., where Reese was made a party, were properly admitted in evidence, and the judgment there rendered is conclusive between the parties as to the matters therein decided. As Reese was a party defendant and entered no disclaimer, and the answer he filed in that case was evidently received by the court as sufficient and was passed upon in the decision, it is wholly immaterial, in my judgment, as to whether the said answer was signed by counsel or sworn to by any party.

In that case on an occupancy and possession which was partly on section 21 and section 6 adjoining he did claim a title to 160 acres on section 6 under the 10-year statute of limitations, and now in this case on the same occupancy and possession he is claiming 160 acres under the 10-year statute on section 21. This is indisputable, and under the authorities above quoted he can have no right to recover in his present action.

### On Petition for Rehearing.

PER CURIAM. The argument submitted in support of a petition for rehearing in this case indicates such a misapprehension of what was said in the foregoing opinion that we supplement what was there said with this statement:

[4, 5] The unsigned and unverified instrument, showing on its face that it was prepared for use as a plea in a former suit for the recovery of land other than that now sued for, brought by one not a party to this suit against a defendant in this suit, was not, in and by itself, evidence that such defendant in the former suit made a claim which is inconsistent with the defense which he set up in this suit, as there is nothing on the face of that instrument to show that it was the act of the defendant, or was adopted, acquiesced in, or ratified by him. Delaware County v. Diebold Safe & Lock Co., 133 U. S. 473, 10 Sup. Ct. 399, 33 L. Ed. 674; Charlie's Transfer Co. v. W. B. Leedy & Co., 9 Ala. App. 652, 64 South. 205; Buzard v. McAnulty, 77 Tex. 438, 14 S. W. 138; 1 Greenleaf on Evidence, § 186. It is only in connection with other evidence which was offered and admitted that that instrument acquired any tendency to prove that the defendant previously made such inconsistent claim. The evidence on the issue as to his having made such claim was not free from conflict, with the result that the issue was one for the jury to pass on. As shown by the charge given, the court ruled as a matter of law to the effect that the un-

sworn and unsigned instrument, standing by itself, and without regard to other evidence adduced, conclusively established that the defendant made a defense in the former suit which was inconsistent with the one which he sets up in this suit. We were, and are, of the opinion that this ruling was erroneous, and that the evidence on the issue as to the previous making by the defendant of a claim which was inconsistent with the defense he sets up in this suit should have been submitted to the jury under proper instructions.

The petition for a rehearing is denied.