# THE TERRITORY OF HAWAII, FOR THE USE AND BENEFIT OF THE COUNTY OF MAUI, *v.* HUGH HOWELL AND THE UNITED STATES FIDELITY AND GUARANTY COMPANY.

## No. 1021.

EXCEPTIONS ¹FROM CIRCUIT COURT, SECOND CIRCUIT.

HON. W. S. EDINGS, JUDGE.

ARGUED JUNE 12, 1917.                    DECIDED JULY 2, 1917.

ROBERTSON, C.J., QUARLES AND COKE, JJ.

OFFICERS—*official bonds—breach of condition to perform duty.*

The failure of a public officer to perform a duty resting upon him by virtue of his office constitutes a breach of condition of a bond given for the faithful performance of the duties of his office.

SAME—*same—obligee—action on bond.*

Where an improper obligee has been named in an official bond an action on the bond may be maintained in the name of the obligee for the use and benefit of the proper party, and the damages will be measured by the interest of that party.

COUNTIES—*ordinances—appointment of officers.*

An ordinance of the county of Maui providing for the appointment of a county engineer and defining his duties held not to conflict with the provision of statute (R. L. 1915, Sec. 1509) that the executive officer of the board of supervisors "shall exercise and have general supervision and control over all county affairs, and shall manage the same subject to the advice and direction of said board," nor to have been nullified or repealed by the provision of Act 217 of the Session Laws of 1915, that the executive officer shall "have the power and right to take charge of all county road work and other public construction work of the county," it not appearing that such power had been exercised.

OPINION OF THE COURT BY ROBERTSON, C.J.

This is an action against the principal and surety upon an official bond brought by the Territory of Hawaii for the use and benefit of the county of Maui. It was alleged in the complaint that the defendant Howell had been appointed county engineer under the provisions of ordinance No. 28 of the county of Maui, and, on the 9th day of February, 1915, entered into a bond as required by the ordinance in the sum of $5000, with the United States Fidelity and Guaranty Company as surety; that the defendant Howell, as such engineer, assumed and undertook to perform the duties provided for in said ordinance, and continued so to do until the 31st day of August, 1915; that on or about April 20, 1915, one of the main public highways in the district of Hana, and over which the said defendant, under the provisions of said ordinance, as county engineer had full charge and responsibility, became washed out by a heavy freshet which left an open, exposed and impassable ditch or trench across the highway; that on the next day the attention of the said defendant was directed to the condition of the highway, and he inspected the same, but he "negligently and carelessly, and without regard for the duties of his office, failed and neglected to repair said highway, or to give any orders or directions with reference to the repair thereof; and further, failed and neglected to erect any barrier, light or warning to passers-by and users of said highway, or to give any orders, instructions or directions with reference to the erection of such guards, lights or warnings to passers-by and users of said highway; and the said road was, by said Hugh Howell, county engineer for the county of Maui, Territory of Hawaii, negligently and carelessly left in such open, exposed and dangerous condition for a long time thereafter;" that on the 29th day of July 1915, one Charles Reinhardt, a resident of Hana, while passing over said highway so negligently

left in such dangerous condition, fell into said ditch or trench and was seriously injured; that said Reinhardt brought suit against the county to obtain damages for his injury, and recovered judgment therein for the sum of $1700 which, with interest amounting to $58.65, was paid by the county. Judgment against the defendants was prayed for in the sum of $1758.65. Ordinance No. 28 created an "Engineer's Department" and the office of "County Engineer." It provided that "All work of the county having to do with the designing, surveying, constructing, care, maintenance, improving and alteration of all public buildings, grounds, sewers, street lighting, waterworks, public highways, roads, streets, lanes, sidewalks, squares, courts, trails and bridges, and all material, stock, supplies, machinery, tools and other property used in connection with said work, shall come within the scope of the 'Engineer's Department.'" Also that the county engineer "shall have complete charge of, and be responsible for, all work connected and having to do with the engineer's department * * * subject only to written orders received from the board of supervisors," and shall report monthly to the board. (Sec. 5) The engineer was given power to appoint and remove, with the approval of the board, a "District Overseer" in each of several districts, who shall give a bond to the county, and report monthly to the engineer. The Territory of Hawaii was named as obligee in the bond, but it is alleged that the county of Maui is the beneficiary and real party in interest. The condition of the bond was for the faithful performance by the principal of the duties of his office, etc., in the form given in section 139 of the Revised Laws.

The defendants interposed demurrers to the complaint which were sustained by the trial court upon the grounds that the negligence complained of was that of either the district overseer or of the board of supervisors, and was not

negligence for which the county engineer could be held liable; and that damages caused by negligence of the nature specified in the complaint are not among those obligations for which the surety stood responsible under the bond. We think the grounds upon which the demurrers were sustained are not satisfactory. The duties of the district overseer, if one had been appointed for the district of Hana, were not specified in the ordinance except that he should report monthly to the engineer, and, we presume, beyond that he would merely carry out the instructions of the engineer. It is alleged in the complaint that no directions were given in connection with the washout of the road in question. Nor upon the allegations of the complaint, which are taken as admitted by the demurrers, can it be said that the fault was that of the board of supervisors. The case made by the complaint is, in substance, this: that by reason of Howell's appointment as county engineer under the ordinance the care and maintenance of the highway came under his charge so that it became his duty when the road was washed out to cause it to be repaired or to see that in some appropriate manner persons using the road would be warned of its dangerous condition and protected from injury pending its repair, and that he negligently failed in that duty with the result that the county was obliged to respond in damages to one who was injured by falling into the unguarded trench. The facts alleged show *prima facie* a failure on the part of Howell to faithfully perform the duties of his office within the meaning of the condition of the bond. The terms of the bond define and determine the extent of the responsibility of both the principal and surety. *Foster* v. *Malberg,* 119 Minn. 168, 171. If the failure of the defendant Howell to perform the duty assigned to him resulted in loss to the county by its being obliged to pay the judgment recovered by Reinhardt there was a breach of the condition of the

bond and both principal and surety became liable to suit. In *County* v. *Purdy,* 22 Haw. 272, which was an action by the county of Hawaii upon the official bond of a supervisor, this court said (p. 282), "The ultimate facts shown by the complaint and agreed statement of facts are sufficient to establish the failure of the defendant Purdy to perform positive duties resting upon him by virtue of his office. It neither requires logic nor extended argument to show that where an officer is acting in his official capacity and fails to perform a duty resting upon him, that he is not faithfully performing his duty."

Other grounds have been urged in this court by the appellees in support of the judgment, as follows: (1) that the Territory of Hawaii being the obligee named in the bond this action cannot be maintained for the use and benefit of the county of Maui; (2) that the county ordinance was void; and (3) that the ordinance, if ever in force, was "struck dead" by Act 217 of the Session Laws of 1915 which took effect on April 28, 1915. The ordinance provided that the county engineer should give a bond to the county in the sum of $5000 for the faithful performance of the duties of his office. The form of the bond was not prescribed by the ordinance and the form used was that provided by statute for territorial officers, the Territory being named as the obligee, although we presume that properly the county should have been made the obligee. But the irregularity did not make the bond invalid. Murfree on Official Bonds, Sec. 62; *Bay County* v. *Brock,* 44 Mich. 45. And it is held that where an improper obligee has been named in an official bond an action on the bond may be maintained in the name of the obligee for the use and benefit of the proper party. *Farr* v. *Rouillard,* 172 Mass. 303; *Anderson v. Blair,* 45 S. E. (Ga.) 28; *Justices* v. *Smith,* 25 Ky. 472. In *Farr* v. *Rouillard* the court said (p. 305), "Treating the bond as a common law bond, it is contended

by the defendant that only nominal. damages can be recovered; but it is plain that the obligor intended to comply with the statute, and therefore, by implication, it was taken in trust for the benefit of the same persons who could take advantage of a bond in the statutory form. The damages, therefore, will be measured by the interest of the *cestui que trust,* not by that of the obligee." So here, this bond evidently was given with the intent to comply with the requirement of the ordinance, and for the protection of the county, and it is more reasonable to suppose that the parties understood that in the event of a breach of condition action would be brought in the name of the Territory for the benefit of the county and its indemnification than that they deliberately put their names to a mere scrap of paper. It is contended that the ordinance was void because under section 1509 of the Revised Laws the chairman of the board of supervisors, who is also its executive officer, "shall exercise and have general superintendence and control over all county affairs, and shall manage the same subject to the advice and direction of said board." We are of opinion, however, that as the board of supervisors possessed the power to pass ordinances and "to appoint such subordinate officers as they may deem necessary for the public service" (R. L. 1915, Sec. 1554) the ordinance providing for the appointment of a county engineer and defining his duties was valid and operative in so far, at least, as its provisions are involved in this case. Finally, it is urged that the provision of Act 217 of the Session Laws of 1915, that the executive officer of the board shall "have the power and right to take charge of all county road work and other public construction work of the county" repealed or nullified the ordinance in question. We do not sustain the contention. The statute conferred authority merely in permissive terms. The abolition of the office of county engineer or the abrogation of the engineer's duties did not necessarily

result from the enactment of the statute, and it does not appear from the plaintiff's complaint that the executive officer had actually taken over the immediate charge of the roads. On the contrary, the allegation is that the defendant Howell continued to exercise the powers and duties of the office of engineer until August 31, 1915.

We hold that the plaintiff's complaint states a cause of action. It is not difficult to imagine circumstances which would absolve the county engineer from the charge of negligence, such, for example, as that he did not have and could not obtain the funds or means with which to take the necessary steps to protect the traveling public from the danger of the road (see *Taylor* v. *Manson,* 9 Cal. App. 382, 388) but we need not speculate upon what the evidence upon a hearing may disclose.

The exceptions are sustained and the case is remanded.

*E. R. Bevins,* County Attorney of Maui, for the Territory.

*D. H. Case (Enos Vincent* with him on the brief) for the defendant Howell.

*Marguerite Ashford (Castle & Withington* with her on the brief) for the surety.