## BERRY v. LITTLEFIELD, ALVORD & CO.

(Court of Appeals of District of Columbia. Submitted January 11, 1924.
Decided February 5, 1924.)

No. 3990.

1. Trial ⬥═62(2)—Evidence that eyewitness could not see point at which defendant's witness claimed collision happened held proper rebuttal.

In an action resulting from a collision of two vehicles traveling in opposite directions, in which plaintiff's and defendant's evidence was conflicting as to the place where the collision occurred, testimony of one of plaintiff's witnesses that from the point at which he witnessed the collision he could not see the point at which defendant's testimony claimed the collision occurred *held* proper rebuttal.

2. Appeal and error ⬥═1047(4)—Improper refusal of rebuttal testimony error.

An improper refusal of material rebuttal testimony is reversible error.

3. Witnesses ⬥═275(2)—Cross-examining defendant as to amount received for subsequent injury held error.

Where plaintiff testified that she was injured in the collision involved in the instant case and subsequently sustained another injury, requiring her to state on cross-examination the amount which she had received for the second injury *held* reversible error.

4. Attorney and client ⬥═86—Admission by attorney not binding on client in another case.

A statement or admission by an attorney in one case is not binding on his client in another, unless client expressly authorized the admission or subsequently ratified it.

5. Attorney and client ⬥═86—Admission by attorney competent evidence against client.

Where an attorney employed to present a claim to a person makes admissions of fact, they are competent evidence against his client in a subsequent suit between client and person to whom they were made.

Appeal from the Supreme Court of the District of Columbia.

Action by Margaret M. Berry against Littlefield, Alvord & Co., a corporation. Judgment for defendant, and plaintiff appeals. Reversed.

Thomas Ruffin, of Washington, D. C., for appellant.

Frank J. Hogan and Edmund R. Jones, both of Washington, D. C., for appellee.

Before SMYTH, Chief Justice, VAN ORSDEL, Associate Justice, and SMITH, Judge of the United States Court of Customs Appeals.

SMYTH, Chief Justice. Margaret M. Berry, claiming to have sustained personal injuries in a collision between an automobile she was driving and a truck belonging to Littlefield, Alvord & Co., instituted an action in the Supreme Court of the District of Columbia for damages. There was a jury trial, which resulted in a verdict against her, and, judgment having been entered for the defendant, she appeals.

[1] The collision took place on Twentieth street, just north of F, in Washington. According to plaintiff's testimony she drove a Ford runabout westerly on E street, and when she reached Twentieth street she turned north slowly and drove along Twentieth street on the right-hand side, keeping close to the curb. As she turned the corner she saw a truck ahead, drawn by horses, near the corner of F street, coming towards her on the same side of Twentieth street as that on which

⬥═For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

she was driving. Immediately upon seeing the truck she tried to sound the horn of her car and did everything in her power to stop. The truck, with the harness jingling, was approaching at an unusually rapid gait for a large wagon. The driver, as his horses were on her engine, looked up with a startled expression, and for the first time tried to avoid the collision by endeavoring to cut obliquely across the street toward his right-hand side. He pulled the horses back, but the tongue of the wagon crashed over her driving wheel. At the moment of collision he saw her for the first time. Just prior to that his eyes were turned in the opposite direction, and he was talking to people on his left-hand side. The point of collision was about 16 yards north of E street on the east side of Twentieth.

[2] Defendant's testimony tended to show that the collision took place on the west side of Twentieth street at a point described. In rebuttal the plaintiff called a witness, who had testified in chief that he saw the accident as he was leaving a house on E street, and asked him how far he could see on Twentieth street up towards F as he came out of the house at the time of the accident. This question was objected to, and sustained as not proper rebuttal. Thereupon the plaintiff offered to prove by the witness that he had found by actual measurement that from the position which he occupied at the time he viewed the accident he could see up Twentieth street a distance of from 36 to 40 feet above the north curb of E street, but could not see the point at which defendant's witnesses said the collision took place. The offer bore upon an important feature of the case. If, as defendant contended, the collision happened on the west side of the street, the truck driver was on the side where he had a right to be; whereas, if it took place on the east side, as plaintiff said, he was driving on the wrong side of the street, in violation of the traffic regulations. If the testimony offered was to the effect that at the location where defendant said the accident happened there was a wide trench or some other thing which made it practically impossible for the colliding vehicles to be there, would it not be competent to show that fact as tending to disprove defendant's theory? We think it would be. The testimony offered had the same value. It met something new, which was brought out by the defendant, and which could not have been anticipated by the plaintiff. It fell clearly within the rule governing the admission of rebuttal testimony. Chicago City Railway Co. v. McMeen, 70 Ill. App. 220. An improper refusal of material rebuttal testimony is reversible error. Stanley v. Beckham, 153 Fed. 152, 82 C. C. A. 304.

[3] The case will probably be tried again, and, if it is, our views on other points may be useful. The collision between plaintiff's car and the truck took place in 1916. In her testimony she described the suffering which was caused by the accident, but did not say what the nature of the injuries were which produced the pain. In 1918 she sustained another injury by being struck by a hamper in the store of S. Kann Sons Company, which we shall call Kann's. As in the other instance, she did not tell the character of the injury she had received. On cross-examination she said, in response to an inquiry, that the injury sustained in Kann's was a minor one, and she was then required to tell, over objection, the amount which she had re-

ceived from Kann's on account of it. This was error, because she had not gone into the nature of her injury in the examination in chief. She simply said that she had been injured. Even if it were proper cross-examination, the evidence was not competent, since it had no tendency to prove the extent of the injuries she had received prior to the Kann accident, or whether her condition at the time of the trial was due to the one or the other accident. No relation was established between the injury for which she was paid by Kann's and the injuries in suit. For aught that appeared, they may have been quite distinct. The amount allowed simply established that Kann's had paid her that sum in settlement of her claim, and that was immaterial, so far as this case is concerned.

[4] The attorney who represented Kann's in the settlement of the plaintiff's claim was allowed to testify to certain admissions made, he says, by plaintiff's attorney in the negotiations which resulted in the payment to her of $1,000 on account of the Kann accident. It is asserted that this was improper. There is no proof that her attorney was expressly authorized by her to make those admissions, or that she had any knowledge that they had been made at the time she received the money. Defendant contends that, since she had placed her claim in his hands to collect, she thereby authorized him to make any statement which he thought proper to effectuate the settlement. It may be that this is true so far as Kann is concerned, but is it true as to a third party, the defendant, who was in no way connected with the settlement?

Many times it has been decided that a statement or admission made by an attorney in one case is not binding on his client in another, unless the client expressly authorized the admission, or ratified it after it had been made. In denying that admissions made in a bill in one suit might be introduced in evidence in a subsequent suit, the Supreme Court of the United States said:

"The parties to that suit were different, and the petition and answer are signed by counsel, and not by the parties, and cannot be resorted to for admissions of the respective parties." Combs v. Hodge, 62 U. S. (21 How.) 397, 404, 16 L. Ed. 115.

Love, against whom the admissions were offered, was a party to the earlier and later suits, but other parties were different. To the same effect is Delaware County Commissioners v. Diebold, etc., Co., 133 U. S. 473, 486, 487, 10 Sup. Ct. 399, 33 L. Ed. 674.

In the Circuit Court of Appeals for the Ninth Circuit it was ruled that, while a pleading, sworn to by a party, is competent evidence against him in another suit, it is clear that such a pleading, not under oath, nor signed by the party, is not evidence of any fact material to the party's cause. Maine Northwestern Development Co. v. Northwestern Commercial Co., 240 Fed. 583, 588, 153 C. C. A. 387. As bearing on the same point, consult Creal v. Gallup, 231 Fed. 96, 99, 145 C. C. A. 284; Wilkins v. Stidger, 22 Cal. 232, 239, 83 Am. Dec. 64; Saunders v. McCarthy, 90 Mass. (8 Allen) 42, 45; Farr v. Rouillard, 172 Mass. 303, 52 N. E. 443; Isabelle v. Iron Co., 57 Mich. 120, 23 N. W. 613; Weisbrod v. C. & N. W. Ry. Co., 20 Wis. 442; Vogel v. Osborne & Co., 32 Minn. 167, 20 N. W. 129.

[5] Since an admission by an attorney, not expressly authorized, in a formal pleading, is not binding on his client in another case, where the parties are different, it seems that an admission made in an informal talk looking to the settlement of a claim should not be. The principle seems to be that the attorney is impliedly authorized to make admissions for the purposes of the case or matter in which he is retained, and for no other purpose. Where an attorney employed to present a claim to a person makes certain admissions of fact, they are competent evidence against his client in a subsequent suit between the client and the person to whom they were made, as in the case of Loomis v. New York, etc., Railroad Co., 159 Mass. 39, 34 N. E. 82, or where an agent is duly authorized to make a statement, as in Shoemaker Co. v. Munsey, 37 App. D. C. 95, it is competent. But those cases, as we have already pointed out, are quite different from the one with which we are dealing.

For the reasons given, the case must be reversed, with costs, and a new trial awarded; and it is so ordered.

Reversed.

SMITH, Acting Associate Justice (specially concurring). Plaintiff's case rested on the proposition that the collision took place on the east side of Twentieth street and that defendant's truck was on the wrong side of the street. Defendant's testimony tended to show that the collision took place on the west side of the street and that plaintiff was on the wrong side of the street.

One of the witnesses, who on plaintiff's direct case testified that the accident occurred on the east side of Twentieth street, was recalled to rebut the defendant's testimony tending to prove that the collision occurred on the west side of the street. By the witness so recalled plaintiff offered to prove that, from the position which he occupied at the time he saw the collision, he could see up Twentieth street a distance of from 36 to 40 feet above the north curb of E street, but could not see the point at which defendant's witnesses said the collision took place.

The testimony offered was, in my opinion, purely corroborative of that given on the direct case and was not proper rebuttal. The witness had already testified that the accident occurred on the east side of the street and the fact that he could not see the collision on the west side of the street served no purpose other than that of repeating in another form the testimony which he had already given. If he was correct in stating that the accident occurred on the east side of Twentieth street, his statement that he could not have seen the collision, if it had happened on the west side of the street at the point contended for by defendant, was a mere prop to the testimony which he had already given. Testimony such as that offered proved nothing more than that at the place of observation of the witness he could not see the point of collision contended for by defendant, and could not see what defendant's witnesses say they saw. The testimony offered was therefore not rebuttal.

I must concur, however, in the conclusion reached by the Chief Justice for other reasons set out in his opinion.