COMMONWEALTH vs. JAMES WILSON.

A defendant being on trial for breaking and entering the city hall of Charlestown, and a mass of burglarious tools and implements, found in his possession at the time of his arrest, being exhibited to the jury, some of which were adapted to the commission of the offence with which he was charged, it was held, that it was not competent for the government to prove, that the ward of a key, found among such tools and implements, was made and fitted by the defendant for the purpose of opening the door of the building of the Lancaster Bank.

THE defendant was included in the indictment upon which Williams was tried, as stated in the preceding case, and was tried at the same time and convicted. The bill of exceptions in this case differed from that in Williams's in two particulars, namely : in stating that the admission of Mr. Farrar to assist the district attorney in conducting the case was in consequence of the indisposition of the attorney ; and that, among the tools and implements introduced in evidence, there was "a ward of a key which was proved to have been made and fitted by the defendant to open the door of the Lancaster Bank building."

The case was argued with the preceding.

DEWEY, J. Many of the questions raised by this bill of exceptions are similar to those presented by the case of Williams, who was jointly indicted with Wilson for the same burglarious entry and larceny. To this extent they have been considered, and the reasons for overruling them stated, in that case. The reason for associating Mr. Farrar, as counsel in the case, with the district attorney, is more fully stated in this case.

There is, however, one ground of exception taken in this case which is peculiar, and which, in our view, will require us to set aside the verdict. After submitting to the inspection of the jury the various tools and implements found in the possession of the defendant, the government offered evidence to prove, that the ward of a certain key thus found was made and fitted by the defendant to open the door of the Lancaster Bank building. This was objected to on the par.

of the defendant, but admitted by the court. We do not perceive any principle upon which this evidence was competent. It was evidence in relation to a distinct and independent transaction, not properly the subject of investigation upon this trial, and was calculated to prejudice the jury against the defendant.

*Exceptions sustained and new trial granted.*