## Ebenezer L. Saunders *vs.* John McCarthy.

If a promissory note is given payable by instalments, "with interest on the said sum," no interest is due upon the last instalment until the instalment becomes due.

Oral admissions made by an attorney out of court in a conversation had for the purpose of settling a suit, though relating to facts in controversy in the suit, are not admissible in evidence against his client.

The payee of a promissory note payable by instalments has a right to apply the proceeds of personal property held by him under a mortgage as collateral security, and sold under a power of sale contained in the mortgage, towards the payment of any instalments which may be due, at his option, if there is no agreement or direction to the contrary.

Saunders *v.* McCarthy.

In a suit upon a promissory note, in which the amount of the proceeds of certain collateral security realized by the plaintiff, consisting of standing trees, was in controversy, it appeared that the plaintiff had indorsed upon the note a certain sum as received by him therefor; and the defendant introduced and offered evidence to show that at one time the plaintiff and his brother said to him, " We have taken possession of the wood, and cut it off, and sold a part of it to Reed; " that Reed bought a lot of the plaintiff's brother for a larger sum than that indorsed upon the note, and never at any other time bought any wood of the plaintiff or his brother; that there was also a large quantity of wood left there after the sale to Reed, the amount and value of which he offered to prove; and that the defendant never had any of it. *Held*, that this evidence ought to be submitted to the jury for them to determine how much the plaintiff realized from his security, and that a direction to the jury to find a verdict founded upon the amount indorsed by the plaintiff was erroneous.

CONTRACT brought by the payee against the maker of a promissory note for $825, dated October 7, 1857, payable as follows : ' One hundred dollars on the first day of March A. D. 1858, and the balance in two years from this date, with interest from the first day of November next on the said sum." The writ was dated November 13, 1858, and was brought to recover the first instalment of the note. The note bore this indorsement: " Nov. 19, 1859. Received on within four hundred and eighty-eight dollars, amount received on sale of personal property mortgaged to secure this note, and applied to payment of last instalment."

At the trial in the superior court, before *Brigham*, J., it appeared that the note was given for the price of some standing wood in New Hampshire, of which a mortgage, with power of sale, was executed by the defendant to the plaintiff as collateral security to the note. The defendant testified that he had never taken or received any part of the wood, and that after the note became due " he met the plaintiff with his brother, Frank Saunders, and the plaintiff then said, ' We have taken possession of the wood, cut it off, and sold part of it to Mr. Reed.' " There was no other evidence as to how or when the wood was sold, except what might be inferred from the indorsement on the note. Rufus Reed testified that he bought a lot of wood of Frank Saunders, before it was cut, for $1200, and never bought any of the plaintiff or his prother at any other time. The defendant then offered to prove that there was a large quantity of other wood on the land at the time, besides what was sold to Reed, and to show its amount, quality and value

but the evidence was rejected. The defendant also offered to prove that, at one time when he met the plaintiff's counsel for the purpose of settling the matter of the suit and of ascertaining the amount which the plaintiff had received, the counsel told him that the wood sold to Reed was the wood which was mortgaged, and also how much wood was sold; but this evidence was rejected. The defendant contended that the money received from the sale of the wood should be applied first to the payment of the first instalment of the note; but the judge ruled that "there was no evidence of the amount for which the wood was sold, except what might be inferred from the indorsement on the note; and that the amount so indorsed should be applied to both instalments in proportion as the instalments bore to each other;" and he ordered a verdict for the plaintiff, for the sum of $181.94. The defendant alleged exceptions.

It also appeared that the plaintiff had commenced another action to recover the last instalment of the note.

*D. Saunders, Jr.*, for the defendant, cited, as to the admissibility of the evidence of the value of the property, *Howard* v. *Ames*, 3 Met. 308; *Hunt* v. *Nevers*, 15 Pick. 500; *Hedge* v. *Holmes*, 10 Pick. 380; *Amory* v. *Fairbanks*, 3 Mass. 562; *Hunt* v. *Stiles*, 10 N. H. 466; *Smith* v. *Packard*, 19 N. H. 575; as to the declarations of the plaintiff's attorney, *Merrifield* v. *Robbins*, 8 Gray, 151; *Morse* v. *Connecticut River Railroad*, 6 Gray, 450; *Corbin* v. *Adams*, 6 Cush. 93; *Lewis* v. *Sumner*, 13 Met. 269; *Baring* v. *Clark*, 19 Pick. 220; *Haven* v. *Brown*, 7 Greenl. 424; and as to the application of the money, *Hunt* v. *Nevers*, 15 Pick. 504; *Blackstone Bank* v. *Hill*, 10 Pick. 129; *Parks* v. *Ingram*, 2 Fost. (N. H.) 283; *Caldwell* v. *Wentworth*, 14 N. H. 437.

*S. B. Ives, Jr. & J. B. Lord*, for the plaintiff, cited, as to the application of the money, (in addition to cases cited by the defendant,) *Upham* v. *Lefavour*, 11 Met. 174; *Capen* v. *Alden*, 5 Met. 268; *Commercial Bank* v. *Cunningham*, 24 Pick. 270; *Allen* v. *Kimball*, 23 Pick. 473.

CHAPMAN, J. The first question to be determined is, the amount which, independently of payments, should be recovered

in this suit. When the action was commenced, the sum of $100 had become due, but the balance of the principal was not due. As to the interest, by the terms of the note it was payable on the whole note, including the $100, from November 1, 1857. But it was not to be paid annually, and therefore no interest became due on the balance of the principal until the principal itself became due; so that the amount to be recovered in this action, disregarding payments, is the sum of $100, with interest thereon from November 1, 1857.

The second question relates to the admissibility in evidence of certain admissions alleged to have been made by the plaintiff's attorney. The admissions did not relate to the suit, and therefore are unlike those which are referred to in *Lewis* v. *Sumner*, 13 Met. 269. The Gen. Sts. *c.* 129, § 60, require that all such agreements of attorneys shall be in writing, otherwise they shall be of no validity. The admissions in this case were mere matters of conversation, and though they related to the facts in controversy, they cannot be received in evidence against the plaintiff. The attorney was not the agent of his client to make such admissions. 1 Greenl. Ev. § 186. If they had been in writing they would not have been admissible.

The remaining question relates to the payments, and the proper application of them. As the whole note was due at the date of the indorsement, the plaintiff had a right to appropriate the amount he received to either instalment, at his option. *Allen* v. *Kimball*, 23 Pick. 473. It cannot be considered as a payment by process of law or *in invitum*, like payment by levy of an execution, as was the case in *Blackstone Bank* v. *Hill*, 10 Pick. 129. But it was paid by the sale of property under an agreement with the defendant, in which the defendant reserved no right to make the appropriation. And the rights of sureties are not concerned in the present case, if that be a material fact.

But the defendant contends that the plaintiff received a larger sum than that which he has indorsed, more than enough, in fact, to have paid the whole amount due on the note. He offered certain evidence which the presiding judge held to be insufficient in law to establish the fact. It seems to us that

there was evidence to be submitted to the jury. It was in evidence that the plaintiff, while in company with his brother Frank, said to the defendant, " We have sold part of the wood to Mr. Reed." This apparently referred to Frank as well as himself. A Mr. Reed was called, who testified to having purchased wood of Frank Saunders. The evidence does not appear to be fully reported; but, taking the whole report, it seems to us that the question of the identity of this sale with that admitted by the plaintiff should have been left to the jury.

But the defendant offered other evidence which was excluded. He offered to show how much wood there was on the lot at the time of the sale to him. This was at the time the mortgage was given. He also offered to prove that there was, besides the wood sold to Reed, a large quantity of other wood, and to show the quality and value thereof. It was already in evidence that the defendant had never taken or received any of said wood. The court are of opinion that the evidence offered was admissible, as having some tendency to show that the sale to Reed was in fact the same sale admitted by the plaintiff to have been made. It might not be sufficient to convince the jury, but it was at least admissible. The exception on this point is therefore sustained.

It is contended that the plaintiff proceeded according to the laws of New Hampshire. But he offered no evidence on this point, and it is not before us.

The facts in regard to the second action of the plaintiff are not material to any of the questions which we have decided.

*Exceptions sustained.*