| 41 | 55 |
| 66 | 82 |
| 41 | 55 |
| 70 | 209 |
| 70 | 645 |

COLEMAN ROCKWELL, ADMINISTRATOR, *vs.* WILLIAM F. TAYLOR.

Upon the trial of an action of assumpsit to recover a balance due on sundry money transactions between the parties, a witness called by the plaintiff testified that the defendant had said to him that he might be owing the plaintiff eight or ten thousand dollars. On cross-examination he was asked by the defendant if he had not stated to sundry persons named that he knew that the defendant had a claim against the plaintiff larger than the plaintiff's against him. Held inadmissible, as not contradicting or inconsistent with his previous testimony.

The witness was at the time of his supposed declarations the counsel for the plaintiff in the present suit. Held that the inquiry was not rendered admissible by that fact, the declarations not being admissions binding on the plaintiff.

The plaintiff had died while the suit was pending and the witness had been appointed his administrator and had entered in the case as such, the declarations having been made before his appointment. Held that the enquiry did not become admissible upon this ground.

The defendant offered a witness to prove that he was present at the office of the defendant when certain business was transacted between the plaintiff and defendant, and that a few minutes after the plaintiff had left the witness asked the defendant what they had been doing, and that he thereupon stated to the witness what the business was. Held that this statement was not admissible as a part of the *res gestœ.*

To make declarations admissible as part of *res gestœ* they must not have been mere narratives of past occurrences, but must have been made at the time of the act which they are supposed to characterize and have been calculated to show the nature and quality of that act, and must so harmonize with it that the declarations and the act will constitute a single transaction.

Auditors found that certain notes of third parties, belonging to the defendant, had been sold by him to the plaintiff, and that the plaintiff's check of the same date for a smaller sum than the amount due on the notes was given by the plaintiff and received by the defendant " in payment and satisfaction of the notes." Held that the notes, being saleable like any other personal property, it was not a case of an attempt to discharge a larger sum by the payment of a smaller.

ASSUMPSIT, to recover a balance due on sundry money transactions between the parties, brought to the Superior Court in Fairfield County. Auditors to whom the case was referred reported a balance due the plaintiff. The defendant remonstrated against the acceptance of the report, which remonstrance the court (*Park, J.,*) overruled, and the defendant brought the case before this court by a motion in error. The points decided by the court will be sufficiently understood without a statement of the facts.

*Sanford* and *M. W. Seymour*, for the plaintiff in error.

*Beardsley* and *White*, with whom was *Booth*, for the defendant in error.

PHELPS, J.   It is claimed by the defendant that his remonstrance to the acceptance of the report of the auditors should have been sustained by the Superior Court, on the ground that certain rulings of the auditors on questions of evidence were improperly made.

The plaintiff died after the commencement of the action and before the trial of the cause, and Theodore McDonald, Esq., who was attorney for the plaintiff in the institution of the suit, was appointed administrator of the estate of the plaintiff, and in that capacity succeeded the plaintiff in the prosecution of the action.

On the hearing before the auditors McDonald was a witness in support of the plaintiff's claim, and testified that in a conversation with the defendant soon after the suit was brought and before the death of Rockwell, the defendant said to him that he might be owing Rockwell from eight to ten thousand dollars. On cross-examination he was asked by the defendant if he had not stated to sundry persons who were named, that he knew the defendant had a claim against Rockwell equal to or larger than the claim of Rockwell against the defendant. The admission of this evidence was objected to by the counsel for the plaintiff and the objection was sustained.

The defendant insisted that it was proper to be received, because, first, it was an admission made by the attorney of Rockwell; secondly, it was an admission by the administrator on Rockwell's estate; and thirdly, that it would tend to contradict or disparage McDonald as a witness, and party on the record.

1. We think this does not properly fall within that class of admissions made by attorneys which have been held to be binding on their clients. It was made without the authority or knowledge of Rockwell, and not in court in the progress of the trial of the cause, and possesses nothing of that formal and solemn character requisite to give it the effect of an admission to charge the party.

2. It was in no sense an admission by the administrator, for it was made, if at all, before the decease of Rockwell, and consequently before administration granted on his estate, and the fact that the witness was subsequently appointed cannot affect the question.

3. It did not contradict McDonald, because he had testified to nothing of which it was or could be made a contradiction.

Would it .if admitted have tended to discredit or disparage
him ?   We cannot see how it would have necessarily done
either.   It was a statement which, if made, was inconsistent
with the defendant's admission of his indebtedness, but with
nothing the witness had previously sworn.  He had no inter-
est in the matter, and aside from being the attorney of the
plaintiff was a stranger to it.   We have seen that his being
attorney would not make the statement an admission binding
on the plaintiff, and the fact that he sustained that relation
to the plaintiff was entirely immaterial for any other purpose
connected with this question.  He was, then, a stranger ; and
the declarations of a third person who has no interest or
authority are not to be construed into admissions to affect
unfavorably the rights of others, though he afterwards in a
representative character becomes a party to the record and
stands in court in the place of those to whose interest his
former admission related.

In *Plant* v. *McEwen*, 4 Conn. R., 545, in a suit against an
executor on his probate bond, it was held that his declara-
tions and acts made and performed before he was executor
were inadmissible against him to affect the interest of the
creditors and heirs of the testator, in relation to whom the
executor was a stranger.   The application of that principle
to the present case would be decisive of the question in favor
of the plaintiff, unless the fact that the witness was attorney
for the plaintiff when he made the declaration raises a dis-
tinction of such a character as to make the application im-
proper.   We think it does not, because, having no authority,
he could not properly have made the declaration in his capac-
ity of attorney, and must have made it in his individual
character purely, and therefore as a stranger ; and his subse-
quent representative character as administrator would not
operate by relation to give the declaration effect to the preju-
dice of the estate.

It will be observed that the defendant did not offer or
design to make McDonald his own witness to prove a partic-
ular fact in his personal knowledge.  If he had done so at
the proper time it would have been admissible, and the fact

that the same evidence had been previously excluded as improper on cross-examination would have made no difference. We think the defendant's claim in this respect is clearly without the reason of the general rule making admissible the declarations of parties to the record, and that the ruling made by the auditors and approved by the Superior Court was technically correct.

In connection with other evidence in support of his claim the defendant offered to prove before the auditors by the testimony of one Allen, that he was in the office of the defendant on a certain occasion when the defendant and . Rockwell were engaged together in the transaction of business; that while the business was being transacted the witness paid no attention to what was said; that in a few moments after Rockwell had left the office Allen inquired of the defendant what he and Rockwell had done; that the defendant informed the witness that he had sold Rockwell a certain oil interest for $3,437.50, which Rockwell had paid; that he had just given his note for that amount to Rockwell at his request in the place of an oil certificate representing the interest purchased by Rockwell; that it was understood between himself and Rockwell that the note was given merely to represent said interest and was never to be collected, and that Rockwell requested the note in lieu of an oil certificate so that the defendant could manage said oil interest for him. The defendant claimed that these declarations of his to Allen were admissible in evidence on the ground that they were part of the *res gestæ*, but his claim was overruled.

It has been often held that, to make declarations admissible on this ground, they must not have been mere narratives of past occurrences, but must have been made at the time of the act done which they are supposed to characterize, and have been well calculated to unfold the nature and quality of the acts they were intended to explain and to so harmonize with them as to constitute a single transaction. *Enos* v. *Tuttle*, 3 Conn. R., 250; *Comstock* v. *Hadlyme*, 8 id., 263; *Russell* v. *Frisbie*, 19 id., 209; *Ford* v. *Haskell*, 32 id., 492; *Bradley* v. *Bardin*, 35 id., 583; *Sears* v. *Hayt*, 37 id.,

406. Applying the test of this principle to the declarations of the defendant made to Allen, at once disposes of this claim of the defendant. It was made after the conversation to which it referred and was strictly a narrative of what had previously occurred between the parties; and the defendant could not have been seriously affected by the exclusion of the evidence, because he had himself previously testified fully to the conversation with the plaintiff to which his declarations to Allen expressly referred.

It was also claimed by the defendant that on the 4th day of January, 1864, the defendant sold and transferred to Rockwell two promissory notes belonging to himself, which with interest amounted at the time of sale to $3,020. They were charged to Rockwell on the defendant's books, and he claimed on the trial before the auditors that he had never been paid for them and sought to reduce the claim of the estate of Rockwell against him by the amount of the notes. The counsel for the estate claimed that Rockwell paid the defendant for the notes at the time of the sale, and produced a check of that date drawn by Rockwell for $3,000 payable to the order of the defendant. The defendant indorsed and collected it, and no credit appears to have been given Rockwell for it in the defendant's account. The defendant offered no explanation of the check, and the auditors found that it was given by Rockwell and received by the defendant in payment and satisfaction of the notes.

The defendant claimed that the estate could not recover the amount of the check because it was not embraced in the plaintiff's bill of particulars, and that it could not be considered as payment and satisfaction of the notes because it was for a less amount.

We think the conclusion of the auditors can be fully justified on the ground that they found a contract between the parties for the purchase of the notes by Rockwell for $3,000. They might as properly be the subject of such a contract as any other species of personal property, and as between the defendant and Rockwell they were not necessarily worth the precise amount indicated on their face, and therefore there is

no prevailing inference that a larger sum was attempted to be discharged and satisfied by the payment of a smaller. The plaintiff neither claimed or sought to recover for the check, and therefore his omission to include it in his bill of particulars is immaterial.

We find no error in the record.

In this opinion the other judges concurred; except PARK, J., who, having tried the case in the court below, did not sit.