## DANIEL E. MCNAMARA vs. AMELIA R. DOUGLAS.

Third Judicial District, New Haven, June Term, 1905.
TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, Js.

A plumber is not likely to make a plumbing contract which it is impossible to fulfil; and therefore evidence of such impossibility in respect to an alleged agreement is admissible as tending to prove that he did not make it.

A plumber sued upon a note which he averred was given him by the defendant for a balance due for plumbing and materials furnished, while the defendant alleged that it had been obtained by the plaintiff's fraudulent representations, and that the work and materials were of no value. *Held* that a letter written by the defendant's attorney and sent to the plaintiff after the rendition of his bill and shortly before the note was given, which merely called for the items of the account and promised payment by the defendant as soon as she was satisfied of the correctness of the bill, was improperly excluded, when offered by the plaintiff as tending to disprove these claims of the defendant.

*Prima facie* such letter was within the authority of her attorney, al-

though, had it been admitted, the defendant might have shown that in writing it he exceeded his powers.

The defendant pleaded that the plaintiff had agreed to supply the fixtures at cost and put them up for the lowest price, while her evidence was that the agreed price of the whole job was $217. *Held* that the variance, if any, was immaterial.

Argued June 13th—decided July 14th, 1905.

ACTION on a note, brought to the Court of Common Pleas in New Haven County and tried to the jury before *Bishop, J.;* verdict and judgment for defendant. *Error, and new trial ordered.*

*William H. Ely* and *Albert H. Barclay*, for the appellant (plaintiff).

*Charles H. Fowler*, for the appellee (defendant).

BALDWIN, J. The answer stated that the note in suit was obtained by false and fraudulent representations, and duress; that the plaintiff had agreed to put plumbing fixtures for a bathroom into the defendant's house, supplying the fixtures at what they cost him, and putting them in in the best manner and at the lowest price, so that the bathroom should be supplied with water, perfect and ready for use; that he got $217 in cash from her and the note, upon these promises, and by threats, fright and duress; that he did not intend to keep and has not kept his promises, and got said money without consideration; and that the work and material furnished were worthless. These allegations were denied.

On the trial the plaintiff offered evidence that the note was in renewal of a former one of the same amount, which the defendant had given him for plumbing work and fixtures furnished by him for a bathroom in her house; that she had agreed to pay him a reasonable price for doing the job; that she paid him $217 as the price of the fixtures; that afterwards he sent in a bill of $199.27 for the balance then justly due him under the contract; that she disputed

McNamara v. Douglas.

it; that they then agreed that on her giving him the origi-
nal note he would pay her $4 to compromise and settle the
account in full; and that this agreement was then and there
performed on both sides.

·Evidence was admitted from the defendant that the plain-
tiff agreed to do the whole job, in the manner stated in her
answer, for $217; that after getting that sum from her he
left the work unfinished and useless; that he threatened to
sue her unless she paid him more; that she then gave him
the original note on his promise that he would thereupon
complete the job; that by like threats he made her give him
the note in suit; that all his promises were fraudulently
made; and that the bathroom is incapable of use, as made,
and his work and materials were of no value.

The plaintiff offered to show on rebuttal, that at the time
the defendant claimed that he agreed to fit up a bathroom
supplied with water ready for immediate use, it was impos-
sible to put any apparatus into her house which could sup-
ply the water. There was error in excluding this evidence.
It could fairly be argued that a plumber would be unlikely
to make an agreement of that nature, which it was impossi-
ble to fulfil.

The plaintiff also offered a letter sent to him several
months after the payment of the $217, and shortly before
the original note was given. It was dated after the ren-
dition of his bill and a few days after he had written to the
defendant to demand payment. It was signed by the at-
torney who represented her on the trial, and read thus:
"Answering your demand on Mrs. Douglas, you will please
give me an itemized bill of the materials used on that job.
She will pay your bill as soon as satisfied of its correctness.
If .your books don't show the items, you will please get
them from Peck Bros., and send to Mrs. Douglas, or hand
to me." The signature was the name of the attorney, with-
out any addition.

This letter was improperly excluded. It tended to show
that up to the time of its date the defendant made no claim
of fraud or that the work and materials furnished were of

no value.   Had it been admitted the defendant would have been at liberty to show, if she could, that her attorney, in writing it, went beyond his authority.   *Prima facie* it was within it.   *Loomis* v. *New York, N. H. & H. R. Co.*, 159 Mass. 39, 34 Northeastern Rep. 82.

The court did not err in instructing the jury that, if they found that the agreed price of the whole job was $217, which had been paid, and that the notes were obtained by fraud, their verdict should be for the defendant.   She pleaded an agreement to supply the fixtures at cost and put them in for the lowest price.   If a bill made out on that basis had been for $217, that sum might not unfairly have been styled the agreed price.   The variance was immaterial.   Rules of Court, p. 45, § 149 ; and see p. 42, § 131.

None of the other exceptions taken to rulings on evidence merit discussion, nor do those reasons of appeal founded on the instructions to the jury.

There is error and a new trial is ordered.

In this opinion the other judges concurred.