[Crim. No. 485.   Third Appellate District.—October 6, 1919.]

THE PEOPLE, Respondent, v. MAY GILMAN, Appellant.

[1] CRIMINAL LAW—ABORTION—VERDICT—EVIDENCE—CORROBORATION.— In this prosecution for abortion the verdict was amply supported by the evidence, and the testimony of the prosecutrix was fully corroborated as required by section 1108 of the Penal Code.

[2] ID.—EVIDENCE—OBJECTIONS—TIME.—An objection to a question after it is answered comes too late.

[3] ID.—ADMISSIBILITY OF SURGICAL INSTRUMENTS.—In a prosecution for abortion it is not error to admit in evidence surgical instruments of a nature to be used in the commission of such an offense where not only is there circumstantial evidence that the defendant used the instruments, but it is admitted by her without objection that she owned them and had them in her possession at the time the alleged offense was committed.

---

3. Admissibility against defendant of articles taken from him, notes, 59 L. R. A. 467; 8 L. R. A. (N. S.) 762; 34 L. R. A. (N. S.) 58; L. R. A. 1915B, 834; L. R. A. 1916E, 715.

APPEAL from a judgment of the Superior Court of Sacramento County. Malcolm C. Glenn, Judge. Affirmed.

The facts are stated in the opinion of the court.

W. E. Davies for Appellant.

U. S. Webb, Attorney-General, and J. Chas. Jones, Deputy Attorney-General, for Respondent.

BURNETT, J.—Defendant was convicted of abortion and from the judgment and order denying her motion for a new trial the appeal has been taken. Some claim has been made that the evidence is insufficient to support the verdict, and the appellant indulges in a criticism of the testimony of certain witnesses of the prosecution, claiming that in certain respects it is inconsistent and unsatisfactory. [1] After a careful reading of the record, however, it must be stated that the verdict is supported in ample measure. The prosecutrix seems to have related a straightforward story that carries upon its face convincing evidence of her veracity. She manifested no unwonted hostility to the defendant, but was apparently disposed to relate all the facts of the case within her knowledge just as they transpired. It is true that her evidence alone, within the purview of the statute (Pen. Code, sec. 1108), must be corroborated in order to justify legally a conviction. That corroboration is, however, found in full measure in the record before us. We deem it unnecessary and unprofitable to set out in detail the evidence which justifies the conviction. It is sufficient to say that one Mrs. Johnson was present at the place where the offense was committed at the very time of the delivery of the foetus, and her testimony is strong and convincing as to the criminal conduct of defendant. She also related a conversation which she had with defendant which was indicative and persuasive of defendant's guilt. It may be added that the record contains substantial, significant, and important circumstantial evidence, all tending toward the support of the verdict of the jury. Indeed, it is rare that a case of this character is established by such a strong array of positive and circumstantial evidence. It would be singular and unexpected if

the jury had failed to convict after a careful and conscientious consideration of the showing that was made in this case.

Viewing the whole record in the light of the strong and conclusive evidence of guilt, it could fairly be said that none of the assignments of error could have resulted in a miscarriage of justice, and, hence, we would be justified in brushing them aside as not warranting specific consideration. We have, however, examined them with some degree of care and are prepared to say that no substantial error was committed by the trial court. The defendant seems to have been granted every right to which she was entitled under the law. The trial judge conducted the proceedings cautiously, impartially, and justly. The instructions thoroughly and correctly presented the law of the case and left nothing unsaid that was necessary for the guidance of the jury in their determination of the guilt or innocence of the defendant. It is true that certain instructions, proposed by her, were refused, but as far as correct in doctrine and applicable to the facts of the case, they were entirely covered by instructions which were given.

As to the rulings upon the admissibility of evidence they are so palpably and clearly sound that we are hardly called upon to specifically notice them. However, we may refer to one or two of these assignments of error. Objection was made, for instance, to this question addressed to Mrs. Johnson: ''Q. Was there anything said subsequent to, after what you saw, between you and the nurse, this defendant, Gilman, as to what you saw and what transpired?'' The answer of the witness was: ''I spoke afterward, that I thought Mrs. England was quite lucky to be living.'' [2] In the first place, no objection was made to the question until after it was answered, and, hence, the objection came too late. Again, under a familiar rule it was admissible as a part of the conversation, in view of the response made by said defendant to said statement. That answer was: ''She said her work always spoke for itself.'' As a part of the same conversation, it may be added, the witness testified: ''I asked her what she might do about it, about the baby, and she says, 'I told Mrs. England that I would take it to the coroner, but that would cause me too much questioning,' and she further said, 'I will build a good fire.' '' It may be added that the only objection to this part of the conversation was upon the ground that it was leading, which, of course, is inconsequential.

Another ruling of which complaint is made was in sustaining an objection to the following question, asked of the prosecutrix on her cross-examination: "Q. Now, did she at any time when you were leaving, tell you she [the defendant] would help you to obtain employment elsewhere?" This manifestly called for a "self-serving" declaration on the part of defendant and was clearly inadmissible. Besides, it was clearly a matter of no importance in the consideration of the merits of the case. It may be suggested that a similar ruling was made by the court in reference to questions propounded to the defendant by her counsel as to her physical condition and medical treatment, that she was receiving, at the time of the trial. It is clear enough that such matters had no bearing whatever upon the charge against the defendant. If there had been any attempt to show or suggestion that her physical condition, at the time of the commission of the alleged offense, was such as to make it impossible or even difficult for her to have committed it, then, of course, a different question might be presented. We may also refer briefly to the action of the court in sustaining an objection to the question asked of a certain witness as to whether Police Officer Hanney had tried to intimidate her by threatening to prosecute her for perjury. The only purpose of the question could be to discredit the testimony of said officer by showing an unfair anxiety to convict the defendant. However, as to this, in fairness to him, before the effort was made to impeach him his attention should have been called to the circumstance in order that he might have an opportunity to acquit himself of any just censure, or, at least, to explain what occurred. Moreover, the consideration is not of sufficient importance to justify a reversal of the cause.

The only ruling during the trial that is worthy of serious consideration relates to the admissibility in evidence of certain ashes containing, according to the testimony of Dr. Nahl, the fragments of human bones and also certain surgical instruments that were found in the washstand in the bedroom where the crime was committed. As to the first, however, there was strong circumstantial evidence that said ashes were the product of a fire made by the defendant to destroy the foetus, in accordance with her statement made to Mrs. Johnson. At least, the showing was sufficient to justify its consideration by the jury. **[3]** In reference to the surgical

instruments, consisting of a catheter and sound, they are admittedly of a nature to be used in the commission of such an offense as was charged against the defendant. It is true that there is no positive evidence that they were used by her in the present instance, the prosecutrix only identifying a certain speculum as having been used by defendant, but there are circumstances, which we need not detail, sufficient to justify the inference that they were so used. The case in that respect is entirely different from *People* v. *Hill,* 123 Cal. 571, [56 Pac. 443], and *People* v. *Muhly,* 11 Cal. App. 129, [104 Pac. 466], wherein no connection by either defendant with the material object was shown. Herein, not only is there circumstantial evidence that defendant used these instruments, but it was admitted by her without objection that she owned them and had them in her possession at the time the alleged offense was committed. The fact that they were adapted to such use and were owned by her at the time of the commission of the crime, and were so near at hand, afforded at least some evidence that she had made preparation for the commission of this particular offense. In this connection it may be stated that no explanation was made by defendant as to why or for what purpose she had these instruments, and no objection was made to their introduction in evidence upon the ground that they tended to show the commission of another offense than the one charged against her. In the cases cited above it may be further said the evidence of guilt was slight and unsatisfactory, while here it is full and persuasive.

Before concluding, we may state that the case of *People* v. *Josselyn,* 39 Cal. 393, involves a very different state of facts from the case before us. Therein there was no corroboration of the testimony of the prosecutrix and it is only instructive in the present instance in its discussion in the supplemental opinion of the court as to the character of the corroboration that is required to justify a conviction. Herein, as we have before seen, there was ample corroboration not only by the testimony of a disinterested witness, but also by an array of circumstantial evidence that is quite significant and potential.

We deem it unnecessary to notice further the various contentions of appellant, as after careful examination of the whole record we are entirely satisfied that the defendant was justly convicted and that there is no substantial merit

in any of the points made for a reversal. The judgment and order are, therefore, affirmed.

Ellison, P. J., *pro tem.*, and Hart, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on December 4, 1919.

All the Justices concurred except Melvin, J., who was absent.