THOMAS KELLY *vs.* THE CITY OF WATERBURY.

Third Judicial District, New Haven, June Term, 1928.

WHEELER, C. J., MALTBIE, HAINES, HINMAN and BANKS, Js.

Argued June 12th—decided July 16th, 1928.

*Charles O'Connor,* with whom, on the brief, was *Edward J. McDonald,* for the appellant (defendant).

*Frank P. McEvoy,* for the appellee (plaintiff).

MALTBIE, J. This is an appeal to the Superior Court from an assessment of benefits and damages by reason of the widening of a certain street in the city of Waterbury, whereby the city proposes to take a portion of a lot of land, with buildings thereon, belonging to the appellant, whom, to avoid confusion, we shall call the plaintiff. In the course of the trial, the city offered evidence which it claimed would tend to prove that a certain portion of the land within the new street line which the plaintiff claimed to own had been dedicated for use by the public as a portion of the street. Objection was made that this evidence would present matter not within the issues in the case, the court excluded it, and this is assigned as one of the claimed errors.

The appeal, which was in the form of an ordinary complaint in a civil action, alleged the plaintiff's ownership of land abutting on the street in question, the making of the assessment, and that the plaintiff was aggrieved because the damages awarded were unreasonable, inequitable and unjust and because the proceedings were illegal as no sufficient appropriation had been made to satisfy the liabilities which would be

incurred by reason of the improvement, nor were there sufficient funds in the city treasury to meet those liabilities. The answer admitted so much of the complaint as alleged the plaintiff's ownership abutting upon the street and the making of the assessment, but denied the alleged grievances of the plaintiff. From the finding it appears that the widening of the street involved the taking of more of the plaintiff's property than that which the city claimed had been dedicated. The complaint does not describe the land alleged to be included within the improvement and the notice of the assessment attached to it shows that merely the name of the plaintiff and the amount awarded to him were stated therein. The record discloses that one of the main issues in the case was the amount of the plaintiff's land which was included within the improvement. In such a situation the trial court could only perform its proper duty by first ascertaining how much of the plaintiff's land was taken and then determining the amount of benefits and damages properly to be assessed upon the basis of the taking of that land. If any portion of the land claimed by the plaintiff between the old and the new street line was not in fact owned by him, whether he had never acquired it or, having once owned it, had lost title to it before the improvement was undertaken, that land would of necessity be excluded in determining the amount due to him. Thus, in *Potter* v. *Putnam,* 74 Conn. 189, 50 Atl. 395, we held that where it appeared that all the land affected by the layout and alteration of a highway had already been dedicated for highway uses, the adjoining proprietors were entitled to no damages; and the fact that in the assessment proceedings the city had appraised the damages and assessed the benefits as equal, did not estop it to show that no damage had been done to the appellant. In the instant

case, the position of the plaintiff is less strong, for the city does not claim to have taken none of his land, but only that it has not taken as much as he claims it did or as would be indicated by the lines on the maps showing the positions of the old and new street lines. The issues were, how much of the plaintiff's property was taken and what were the proper amounts to be awarded to and assessed against him for that taking.

The offered testimony was relevant to a matter within the issues as they were presented upon the pleadings in the case. Indeed, it is difficult to see how, in view of the general and indefinite allegations of the complaint, the question of the dedication of a part of the land could have been raised by a special defense. The plaintiff claims that the exclusion of the evidence was harmless error, but that does not appear from the finding and, even if we might properly follow him in his incursion into the evidence annexed to the motion to correct the finding, we would not be able to find facts from it which would support this claim. The trial court was in error in excluding the offered testimony and as this necessitates a new trial, no discussion of the other claimed errors is necessary.

There is error, the judgment is set aside and a new trial ordered.

In this opinion HAINES, HINMAN and BANKS, Js., concurred; WHEELER, C. J., concurred in the result.