## THE STATE OF CONNECTICUT *vs.* JOHN GROOS.

Third Judicial District, Bridgeport, October Term, 1929.
WHEELER, C. J., MALTBIE, HAINES, HINMAN and BANKS, Js.

Argued October 29th, 1929—decided January 6th, 1930.

*William Gitlitz* and *Joseph Weiner,* for the appellant (the accused).

*Samuel E. Hoyt,* State's Attorney, with whom, on the brief, was *Abraham S. Ullman,* Assistant State's Attorney, for the appellee (the State).

HINMAN, J. The defendant appeals from the refusal of the trial court to set aside the verdict. As to this, we cannot find that the verdict is so palpably against the evidence as to warrant us in setting it aside. The question is not whether this court, upon

the evidence as it appears in the record, would come to the same conclusion as did the jury, but whether that conclusion is manifestly unreasonable under all the circumstances—one which no jury, acting fairly and reasonably, could reach on the evidence before it. *State* v. *Chin Lung,* 106 Conn. 701, 704, 139 Atl. 91; *Brooks' Appeal,* 68 Conn. 294, 296, 36 Atl. 47. It is quite apparent that the weight and effect of the testimony, especially that of Mrs. Spivak, upon which the State's case principally depended and which was given under evident disadvantages and through an interpreter, may not be truly reflected or measured by perusal of the printed record, and without the opportunity of personal observation enjoyed by the jury, and by the trial court whose denial of the motion to set aside the verdict is entitled to corresponding weight; and we cannot hold that the jury were precluded reasonably either from accepting the identification of the defendant by the victim, or from disbelieving and rejecting the evidence offered in support of his alibi.

Notwithstanding objection and exception, the State was permitted to introduce as an exhibit (C) a roll made up of a genuine $20 bill and a $1 bill, on the outside, and numerous pieces of paper bearing superficial resemblance to paper money, which was found on the person of the accused upon his arrest on March 25th, and this ruling is assigned as error. The purpose of the offer was stated, variously, as constituting part of the plan of the fraudulent transaction, as tending to corroborate the testimony that the defendant engaged in it, as showing his character, to show the business he was engaged in, and to corroborate the testimony of Mrs. Spivak as to conversations with the accused and as to his conduct. The exhibit appears to have been admitted on the ground last mentioned.

Our determination as to the correctness of the ruling must be based upon Part III of the finding, which relates thereto; we cannot resort to the printed record of the testimony for this purpose. Rules of Supreme Court, § 6, Practice Book, p. 307; *Friedler* v. *Hekeler,* 96 Conn. 29, 34, 112 Atl. 651; *Kelly* v. *Waterbury,* 108 Conn. 205, 208, 143 Atl. 96. It does not appear from this finding that any such roll was displayed by either of the men at any time during the transaction with Mrs. Spivak, or that it was mentioned in any conversation between her and the defendant, nor is there suggested any other basis for regarding its possession by the defendant as relevant to any issue in the case.

Evidence as to articles found in the possession of an accused person subsequent to the time of the commission of a crime for which he is being tried is admissible only if it tends to establish a fact in issue or to corroborate other direct evidence in the case; otherwise the law does not sanction the admission of evidence that the defendant possessed even instruments or articles adapted to the commission of other crimes. *State* v. *Chapman,* 103 Conn. 453, 480, 130 Atl. 899; *State* v. *Ferrone,* 97 Conn. 258, 116 Atl. 336; *Commonwealth* v. *Williams,* 56 Mass. (2 Cush.) 582; *Commonwealth* v. *Wilson,* 56 Mass. (2 Cush.) 590; *Commonwealth* v. *Choate,* 105 Mass. 451; *People* v. *Smilie,* 118 N. Y. App. Div. 611, 103 N. Y. Supp. 348; *People* v. *Geary,* 297 Ill. 608, 131 N. E. 97; *People* v. *Martin,* 19 Cal. App. 295, 108 Pac. 1034; *People* v. *Gilman,* 43 Cal. App. 451, 185 Pac. 310; *Nicholas* v. *Commonwealth,* 91 Va. 741, 21 S. E. 364; *Sorenson* v. *United States,* 168 Fed. 785; 1 Bishop's Criminal Procedure, § 211; 16 Corpus Juris, p. 546. The reason is analogous to that applicable to evidence of other crimes committed by a defendant but unrelated to the offense under investigation. " 'They were collateral to the

issue to be tried. No notice was given by the indictment of the purpose of the government to introduce proof of them. They afforded no legal presumption or inference as to the particular crime charged. . . . Proof of them only tended to prejudice the defendants with the jurors, to draw their minds away from the real issue.' " *Sorenson* v. *United States, supra,* p. 794. See also *State* v. *Gilligan,* 92 Conn. 526, 530, 103 Atl. 649. However depraved or vicious a defendant may be, whatever his mental tendency to commit other crimes or whatever implements adapted thereto he possesses, he is entitled to be tried only for the crime charged against him and upon the issues presented by his plea of not guilty, and only such evidence as is relevant thereto should be admitted. The admissibility of articles found in a defendant's possession depends upon their being connected with or traced to the crime charged. *Sorenson* v. *United States,* and *People* v. *Martin, supra.*

The distinction between evidence of this kind which is admissible and that which is not may be illustrated from the cases above cited. In *People* v. *Smilie,* a prosecution for grand larceny, it was held prejudicial error to admit in evidence rolls of false money found in defendant's trunks some three months after the commission of the crime, on the ground that there was no evidence that these rolls had any connection with the crime charged, although the victim testified that, at the time of the theft, the defendant had a roll, perhaps of money, but gave no description of its contents or appearance. In the *Sorenson* case, evidence that a revolver and other articles were found on the defendant upon his arrest, eighteen days after the burglary in question, was held inadmissible because there was nothing to connect the employment of the revolver and other articles with this burglary. In *Common-*

*wealth* v. *Williams,* a prosecution for breaking and entering the Charlestown city hall, a new trial was granted because of the admission of evidence that the ward of a key found in the defendant's possession was made and fitted by him to open the door of the Lancaster Bank building. In *People* v. *Martin* (Cal. 1912), evidence of possession by the defendant, at the time of his arrest for dynamiting, of various poisons having no connection with the crime charged, was held inadmissible; while in *People* v. *Gilman* (Cal. 1919), certain surgical implements were held admissible, the circumstances being sufficient to justify an inference that they were used by the defendant in committing the abortion charged.

In our own case of *State* v. *Chapman,* evidence of the ownership and possession of various articles by the defendant was held admissible as tending to corroborate the evidence of Shean, an accomplice, as to the relations and association of the defendant with him and as relevant and material evidence to establish the fact that the accused was at the locus of the homicide on the morning it was committed. In *Nicholas* v. *Commonwealth,* a prosecution for causing drowning by boring holes in a boat, proof was permitted that the defendant possessed an auger of the size of the holes in question. On a trial for burglary involving the blowing of a safe, evidence that drills fitting the holes in the safe were found in the defendant's house was held admissible in *Starchman* v. *State,* 62 Ark. 538, 36 S. W. 940; as was a gunshell, taken from the defendant's pocket, the shot in which were of a size similar to those found in the victim's body, in *Commonwealth* v. *DuBoise,* 269 Pa. St. 169, 112 Atl. 461.

In the present case the finding affords no justification, consistent with this rule, for the admission of the roll, Exhibit C. We may add that even if we might

supplement this finding by resort to the transcript of all of the evidence in the case, which we have been required to examine in our consideration of the ruling on the motion to set aside the verdict, such justification still would be lacking. For like reasons the admission of Exhibit D, consisting of a quantity of obsolete Polish money, found in the possession of the accused, was erroneous. These rulings were so obviously adapted to work prejudice and harm to the defendant that they must be held to constitute reversible error. *People* v. *Smilie*, 118 N. Y. App. Div. 611, 103 N. Y. Supp. 348; *People* v. *Altman*, 147 N. Y. 473, 477, 42 N. E. 180, 181.

Since, in consequence of these rulings, a new trial must be ordered, discussion of claimed errors pertaining to the charge may be limited to suggestions of probable utility on a second trial. The cautionary statement as to evidence in support of an alibi was warranted by the circumstances and within the trial court's privilege of proper comment. The charge as to the effect, upon the credibility of the accused, of records of former convictions was a sufficient statement of the law on the subject, but might well have been supplemented by the customary instruction as to the general considerations affecting the credibility of an accused person as a witness. There was no occasion, on the facts, for an instruction, which the appellant claims should have been given, as to the constituents of a loan or the distinction between it and theft by deception, artifice or fraud. A further exposition should have been given of the elements necessary to constitute an accessory than is afforded by a mere reading of the statute, § 6716. *State* v. *Enanno*, 96 Conn. 420, 425, 114 Atl. 386; *State* v. *Thomas*, 105 Conn. 757, 762, 136 Atl. 475.

After the verdict of guilty of theft, the defendant

pleaded guilty to the further charge of being a third offender by reason of having twice before been convicted, sentenced to and imprisoned in a State prison, and was sentenced, under the applicable provision of § 6660 of the General Statutes, to confinement in State prison for not less than twenty nor more than thirty years. Error is assigned in the imposition of the minimum sentence of twenty years, it being contended that the minimum term cannot exceed five years, that being the maximum penalty provided by the statute governing the offense of which the accused was convicted (§ 6255), in cases where the value of the property stolen exceeds $50 but does not exceed $2000.

Section 6660 is a portion of our Indeterminate Sentence Act and prescribes that in cases where a sentence to a State prison is imposed, except in certain instances not here involved, the court shall not fix a definite term of imprisonment but shall establish a maximum and a minimum term for which the convict may be held in prison, the maximum term so fixed not to exceed the maximum prescribed by law for the offense of which he has been convicted, and the minimum to be not less than one year; *"provided,* when any person . . . shall have twice before been convicted, sentenced and imprisoned in a state prison or penitentiary, the court shall sentence said person to a maximum of thirty years." The proviso quoted creates no new crime but recognizes and provides for different degrees of criminality with reference to the same offense, and relates solely to the penalty deemed appropriate thereto. *State* v. *Reilly,* 94 Conn. 698, 702, 110 Atl. 550; *State* v. *Delmonto,* 110 Conn. 298, 147 Atl. 825. It substitutes for the scope of the penalty attached to the specific offense if presented as a first transgression, another, much more severe, with a prescribed compulsory maximum, but with no limitation of the mini-

mum other than the obvious inference that it should not be less than that provided for the specific offense —one year. No limitation of the minimum sentence to a term not longer than the maximum punishment provided for the original offense is found, either in terms or by necessary implication, in the statute, which, being penal, must receive a strict construction. The argument that with such a limitation the penalty would still be sufficiently severe is germane to a proposal for legislative amendment rather than for judicial construction. The construction which we accord this provision of the statute leaves the determination of the minimum sentence to the discretion of the trial court, except that it may not be less than one year.

In the exercise of this discretion, the fundamental principle and purpose of the indeterminate sentence law is to be observed. The minimum sentence represents the time which, in view of all the circumstances of the crime, the record and character of the accused, and the effect of punishment to deter others from the commission of crime, the trial court thinks the accused ought, in any event, to be imprisoned. The purpose of the maximum sentence is to prescribe a further term during which the criminal may be confined, but subject to the power of the board of parole to modulate the punishment in such a way and to such an extent as best to bring about the protection of society and the rehabilitation of the offender, in view of the more extended examination the board can give to the circumstances of the criminal, environmental and hereditary, the closer study they can make of his true character, and the effect of incarceration upon him and of his liberation upon society.

There is error and a new trial is ordered.

In this opinion the other judges concurred.