JOSEPH P. LICKTEIG *v.* FERDINAND BUCKHOLZ.

MALTBIE, C. J., JENNINGS, ELLS, DICKENSON and INGLIS, JS.

Argued October 13—decided November 10, 1942.

*Daniel D. Morgan* and *Harry P. Lander,* for the appellant (plaintiff).

*Albert L. Coles,* with whom, on the brief, was *James J. O'Connell,* for the appellee (defendant).

JENNINGS, J. The finding may be summarized as follows: On January 1, 1941, the defendant was the owner and proprietor of the Garden Restaurant, situated on the Milford Turnpike, in front of which was a parking space. On New Year's eve, a party was in progress at this restaurant. Shortly after midnight, the plaintiff, his sister, his niece, the latter's fiancé, a Mrs. Toohey and the latter's four-year-old child left New Haven for the Garden Restaurant. The niece and her fiancé arrived first and entered the restaurant. The others arrived later in the plaintiff's car. When the plaintiff alighted in the parking space, he became involved in a struggle which was going on between an obstreperous and intoxicated guest who had been ejected from the restaurant and the latter's friends. No intoxicating liquor had been sold to this guest by the defendant. The plaintiff was seriously injured.

The plaintiff's general claim is that the defendant was negligent in failing to keep his premises reasonably safe for the plaintiff, a business invitee. The negligence of the defendant is specified in the second and fourth counts of the complaint on which the plaintiff relies. The second count alleges that the

guest was thrown against the plaintiff by the defendant, causing his injuries. The fourth alleges that the defendant served liquor to a guest who, as a result, became intoxicated and thereafter, as a result of his intoxication, injured the plaintiff. The trial court concluded that neither of these causes of action was proven. Recognizing that he cannot prevail in his attack upon the conclusions without a correction of the finding, the plaintiff has directed his principal effort to that end. It is obvious from the memorandum of decision, the finding and the conflicting evidence that the case turned on the credibility of witnesses. No correction can be made which will advantage the plaintiff. It follows that the decision must stand unless the rulings on evidence of which the plaintiff also complains were erroneous.

Three witnesses testified, over the plaintiff's objection, to statements made to them by the plaintiff's sister on the night of the accident which, it was claimed, differed from testimony given by her on the trial. They were admitted solely to affect her credibility. The case was tried to the court and there is no reason to suppose that they were used for any other purpose. Since the finding does not recite the sister's testimony at the trial, we have no way of testing the plaintiff's claim. We do not ordinarily consult the evidence under these circumstances. *State v. Groos,* 110 Conn. 403, 407, 148 Atl. 350; Conn. App. Proc., §§ 73, 87. There is no reason for doing so in this case.

The fourth and last ruling is in a different category. A day or two after the accident, the plaintiff's wife retained an attorney who visited the plaintiff in the hospital. Thereafter the attorney wrote the defendant outlining the plaintiff's claim and requesting a settlement. It did not appear that the letter was

based entirely on statements of the plaintiff. This letter was admitted as a statement made by the attorney as agent of the plaintiff.

An attorney employed to conduct a suit for his client has no implied authority to make statements not involved in the conduct of the litigation. *Rockwell v. Taylor*, 41 Conn. 55, 57; *Saunders v. McCarthy*, 90 Mass. (8 Allen) 42; 2 Mechem, Agency (2d Ed.), p. 1735; note, 97 A. L. R. 374. Where, however, a claim is given to an attorney for collection, he is "impliedly authorized to state to the debtor what the claim is." *Loomis v. New York, N. H. & H. R. Co.*, 159 Mass. 39, 44, 34 N. E. 82; 4 Wigmore, Evidence (3d Ed.), p. 45, note; *James v. Boston Elevated Railway*, 201 Mass. 263, 266, 87 N. E. 474; *McNamara v. Douglas*, 78 Conn. 219, 221, 61 Atl. 368; 2 Mechem, loc. cit.; and see *Berry v. Littlefield, Alvord & Co.*, 296 Fed. 285, 288, 54 App. D. C. 195. Under these circumstances he is merely an attorney in fact for the purposes of the transaction in question and subject to the ordinary rules of agency. 2 Mechem, loc. cit. Statements of the character made in this attorney's letter were prima facie within the scope of his employment and were admissible against his client. *Loomis v. New York, N. H. & H. R. Co.*, supra. The ruling was correct.

There is no error.

In this opinion the other judges concurred.